HENDRY, Judge.
The appellee, Shirley Gottlieb, a daughter of Kalman Saperstein, deceased, filed a petition in the County Judges’ Court seeking construction of paragraph NINTH of the will of the deceased, and for discovery of additional assets.
Paragraph NINTH of the will reads as follows:
“NINTH: I at the present time, am indebted to Lillian Clyde, in a sum of money which is evidenced by a promissory note. From time to time, I expect to reduce this indebtedness, I am unable to state the amount that I expect to owe her at the time of my decease. I therefore give, devise and bequeath unto the said Lillian Clyde, the sum of TWELVE THOUSAND and No/100 ($12,000.00) DOLLARS, for her own use and enjoyment forever, which shall also be in liquidation, payment of the note and indebtedness to her from me at the time of my decease.”
Lillian Clyde, the person referred to in said paragraph, is now Lillian Saperstein, the widow of the testator and step-mother of the appellee. This marriage took place several months after the will was executed and years before his death. Before becoming the wife of Kalman Saperstein the appellant had been employed by him as his secretary for eighteen years.
The appellee-petitioner sought a determination that the bequest in paragraph NINTH of the will had been paid and adeemed.
The appellant, Lillian Saperstein, filed an answer, individually and as administra-trix of the estate, denying petitioner’s right to the relief sought.
Hearings were had on the issues and after a substantial part of the testimony had been submitted by the parties relative to the issues, it came to the attention of the trial judge that the appellant, Lillian Saper-stein, had elected to take dower, by a written instrument dated February 12, 1962, and filed February 14, 1962 (within the statutory period), which was several months before the filing of appellee’s petition for construction of paragraph NINTH of the will. The trial judge, after calling the petitioner’s attention to the widow’s election to take dower and the effect it would have on the case, was persuaded by appellant’s counsel to allow her to complete the taking of the testimony in her behalf.
Upon completion of the testimony, the trial judge entered his order holding that the question as to the ademption of the legacy in paragraph NINTH was immaterial. Since Lillian Saperstein had elected to take dower, she could not take anything under the will of her deceased husband. The amended petition was denied without prejudice.
It is the appellant’s contention that she is entitled to her dower interest in the de *540 cedent’s estate, as his widow, and that she is also entitled to the bequest to her under paragraph NINTH of the will since she was not the wife of the decedent at the time he executed the will. We find this contention to be without merit.
Section 731.34 Fla.Stat, F.S.A. provides that, “Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her said husband, or both, she may elect in the manner hereinafter provided to take dower * * * ”. Further, our Supreme Court clearly held in the case of In re McMillan’s Estate, 158 Fla. 898, 30 So.2d 534, that “The Florida rule is that the widow cannot take dower and also take under the will.”
After carefully reviewing the record and considering all the questions raised in the briefs we have concluded that the county judge made a proper disposition of the matter. Accordingly, the orders appealed from are affirmed.
Affirmed.