319 N.W.2d 275 (1982)
In the Matter of the Alonzo R. CAMPBELL Trust.
Margaret J. GRAF, Appellant,
v.
Robertson WALL, et al., Appellees.
No. 65734.
Supreme Court of Iowa.
May 19, 1982.
*276 Robert E. Mannheimer, Addison M. Parker, and Craig F. Graziano of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellant.
W. Z. Proctor, J. Edward Power, and Edward E. Johnson of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.
Considered by UHLENHOPP, P. J., and ALLBEE, McGIVERIN, LARSON, and SCHULTZ, JJ.
UHLENHOPP, Justice.
In this appeal we deal with the effect of an election by a surviving spouse to take against a will.
On November 5, 1952, Alonzo R. Campbell (testator), a bachelor residing in Iowa, made his last will devising his property to trustees with directions to use the income from the property for the benefit of his only sibling, Robertson D. Campbell, for life, and with authority to invade the corpus for the sibling's needs. He devised the remainder thus:
After the decease of said ROBERTSON D. CAMPBELL, or upon distribution of my estate from probate if he predeceases me:
1. I direct that the trust shall terminate and the entire corpus, or the part thereof remaining, together with any accumulated but undistributed income, shall be paid over and distributed outright to my heirs-at-law, in the proportions and determined as though I had then died intestate, a resident of the State of Iowa, fully seized and possessed thereof, but in accordance with the laws of the State of Iowa now in effect relating to the descent of personal property of intestate decedents.
(Emphasis added.) Other than this paragraph, the will contained no residuary clause.
On December 23, 1960, testator married Margaret J. Robertson (now Graf).
On August 23, 1961, testator died, still a resident of Iowa. His spouse and brother survived him.
Testator's will was admitted to probate, the widow elected to take against the will and accordingly received one-third of testator's property, and the trustees entered upon administration of the trust.
On October 19, 1976, testator's brother died. At that time the widow was still alive, testator had maternal relatives alive but no living paternal relatives, and the trust still contained property. The question in the case is, who is entitled to that property?
The widow claims that half of the trust property goes to her under section 636.41 of the Code of 1950 and half goes to testator's maternal heirs. The maternal heirs claim that all of the property goes to them. The parties agree that the Iowa Code of 1950 or 1958 governs, and that the law in each of those Codes was the same for present purposes. We will refer to the Code of 1950 throughout this opinion.
The widow commenced the present litigation to resolve the parties' dispute. The *277 maternal heirs prevailed in district court, and the widow appealed.
In this court the widow and maternal heirs present two main questions: Is the widow one of the "heirs-at-law" under the remainder clause in the will? If so, does her election to take against the will exclude her from taking under the will?
Although the first question is intriguing, we find no necessity to grapple with it for we conclude that the second question is determinative in any event. We will therefore assume arguendo in this opinion that the widow comes within the words "heirs-at-law" in the remainder clause. We thus proceed to the second questionthe effect of the widow's election.
Under the theory of the widow, had she elected to take under the will she would now, as "heir" in the remainder clause, receive half of what is left of the estate, and the maternal heirs would receive the other half. Under her further theory that her election does not bar her from taking under the will, she would in substance receive two-thirds of the estate (her original one-third, as dower, plus half of the two-thirds which now is left, as "heir" in the remainder clause), and the maternal heirs would receive one-third.
I. By claiming a share as one of the heirs at law under the remainder clause in the will, the widow necessarily claims that she is a devisee in the will. When testator died and his will was admitted to probate, the widow, like surviving spouses of testators generally, had to make a choice: whether to accept the will and forego a statutory share, or to reject the will and take a statutory share instead. § 636.22, The Code. A surviving spouse does not have a third choiceto take some of both except in the unusual case in which a will clearly and explicitly gives the surviving spouse that choice, which this will does not. § 633.2.
Usually the more beneficial alternative for the surviving spouse is plain, as where the testator had no debts and the will gives the spouse half of the property outright, as contrasted to a third under the statute. More complicated cases, however, may require study in order to ascertain the more beneficial course for the spouse; some cases involve judgment calls; and some necessitate outright gambles.
The Code does not treat the various kinds of cases differently for election purposes. In section 636.22 it gives the surviving spouse the same choice in all cases: to accept the will or to reject itin this case, to accept a certainty by taking a statutory third, or to gamble on a larger amount by taking half at the termination of the trust. This widow elected to take the certainty.
II. The authorities are clear as to the effect of an election by a surviving spouse: a choice to take against the will is a genuine election which nullifies gifts to the surviving spouse in the will but leaves the will to be carried out as to the other devisees as nearly as may be done. Hahn v. Dunn, 211 Iowa 678, 686, 234 N.W. 247, 251 (1931) ("Kathern M. Hahn, who did not elect to take under her husband's will, received the statutory distributive share and nothing more or less." (Emphasis added.)); Rench v. Rench, 184 Iowa 1372, 1376, 169 N.W. 667, 668 (1918) ("The widow having rejected the will, its provisions in her behalf must be wholly disregarded. The carving out of the estate of the widow's distributive share leaves only two-thirds of the estate as subject to the provisions of the will. Such two-thirds of the estate is subject to the provisions of the will. Such two-thirds must be disposed of in accord with the provisions of the will, and such provisions must be construed in light of the widow's rejection thereof." (Emphasis added.)); Watrous v. Watrous, 180 Iowa 884, 897, 163 N.W. 439, 443 (1917) ("If the survivor elects not to consent to the provisions of the will, the effect of such election is to render any provision made by the will, for the benefit of such survivor, inoperative, and the survivor will take the distributive share provided by law." (Emphasis added.)). To the same effect see Clements v. Neblett, 237 Ark. 340, 372 S.W.2d 816 (1963) (provisions in will for widow became, in effect, obliterated from the will); In re Saperstein's Estate, 158 So.2d 538 (Fla.App.1963); Weinberg *278 v. Safe Deposit & Trust Co., 198 Md. 539, 85 A.2d 50 (1951); Crocker v. Crocker, 230 Mass. 478, 480-81, 120 N.E. 110, 111 (1918) ("Since the widow waived its provisions. . . the will is to be interpreted as if it contained no provision for her." (Emphasis added.)); Cochran v. Garth, 163 Tenn. 59, 40 S.W.2d 1023 (1931); Newton v. Newton, 199 Va. 785, 102 S.E.2d 312 (1958); 25 Am.Jur.2d Dower and Curtesy § 168, at 214 (1966) ("But a widow who dissents from the provisions of her husband's will can claim nothing under it."); 97 C.J.S. Wills § 1288, at 136 (1957) ("The widow's renunciation of her husband's will precludes her from claiming or accepting any benefits thereunder...."); Note, Effect of Widow's Election to Take Against Will, 24 Iowa L.Rev. 714, 719-35 (1939).
These authorities make the proper decision of the present case plain. The widow having elected to take her statutory third, any gift to her in the will is extinguished and she takes nothing on that account. The will remains, however, as to the maternal relatives, and they take what is now left of the two-thirds by virtue of section 636.40 and the rule in the cases of In re Tripp's Estate, 239 Iowa 1370, 35 N.W.2d 20 (1948), and Peet v. Monger, 244 Iowa 247, 56 N.W.2d 589 (1953).
III. The widow seeks to avoid the result of her election to take against the will by invoking the doctrine of worthier title. She contends that under the remainder clause in the will, the property in the trust passes to testator's heirs at law at the brother's death in exactly the same quantity and quality as though testator had then died intestate; hence the property passes by descent rather than by devise, and under section 636.41 she takes the share which would have gone to paternal heirs had any existed. See In re Estate of Coleman, 242 Iowa 1096, 1100, 49 N.W.2d 517, 519 (1951) (requirement of identical quantity and quality).
The widow's argument, however, contains a fatal flaw: it overlooks the effect of the widow's election. That election took the widow out of the will, and left the will to operate as to the remaining devisees, the maternal heirs. Under the widow's own claim that she is an heir at law of testator, one of the heirs is thus missing in the remainder clause as it stands following the election, and the maternal heirs do not receive the exact quantity they would otherwise take under the statutes of descent. Lacking the element of exact quantity, the worthier title doctrine is inapplicable. This court has not been prone to enlarge the application of the worthier title doctrine by construction. See Wehrman v. Farmers' & Merchants' Savings Bank, 221 Iowa 249, 259 N.W. 564 (1935).
In any event, we deem this case an appropriate one in which to end in Iowa what is left of the wills branch of the worthier title doctrine (in addition to the antilapse portion previously terminated), for the underlying reasons articulated in the case of In re Estate of Kern, 274 N.W.2d 325 (Iowa 1979), and in Note, Comment, The Iowa Doctrine of Worthier TitleWhy Perpetuate the Testamentary branch? 66 Iowa L.Rev. 439 (1981). We leave the Kern decision intact, but we now abrogate the rest of the wills branch of the doctrine, effective however only as to this will, to wills in cases now pending in which the issue is properly raised, and to wills executed after the day we file this opinion. The widow's reliance on worthier title is not well taken.
V. The widow also criticizes the rule on the effect of an election by citing an extreme result to which she says that rule would lead. She hypothesizes a case like the present one except that neither maternal nor paternal relatives survive to take the remainder. She concludes that the property would escheat because the election rule would also prevent the widow from taking.
The widow is right that the widow in the case supposed could not take under the will because of her election. But the property would not escheat. Rather, it would pass by the law of descent. Anderson v. Anderson, 227 Iowa 25, 35-36, 286 N.W. 446, 451 (1939).
Under the law of descent, the widow in the supposed case would take the property in accordance with section 636.41. She *279 would not take under the will but rather by the law of intestate succession. Her election would prevent her from taking under the remainder clause of the will, but it would not prevent her from taking under section 636.41 of the intestacy law apart from the will.
We do not have that factual situation here. We have living maternal heirs here, and the remainder clause is thus operative. In accordance with the cited election decisions, this widow has excluded herself from the will, and in accordance with the Tripp and Peet decisions, the maternal heirs take the property under the remainder clause in the will.
Assuming without deciding that if the widow had taken under the will she would have been one of the "heirs-at-law" in the remainder clause of testator's will and would have taken the share of paternal heirs, we hold that by her election she wrote herself out of the will and received in full her statutory share as surviving spouse.
AFFIRMED.