In the Matter of the CONSERVATORSHIP OF Ila M. PETERS.

Appeal of Ila M. PETERS.

No. 88–1056.

Court of Appeals of Iowa.

Aug. 23, 1989.

Marti D. Nerenstone of Legal Services Corp. of Iowa, for ward-appellant, Ila M. Peters.

R.J. Tilton of Franck, Mundt, Nepper & Franck, Denison, for conservator-appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

The ward, Ila Peters, appeals from a district court order accepting the final accounting of Carolyn Schultz and discharging her as conservator. Peters contends that the district court erred by: (1) accepting the accounting made by the conservator; (2) finding that the conservator had not breached her duty of care to the ward by failing to file the ward's income tax returns; and (3) discharging Carolyn Schultz as the conservator.

A guardianship and conservatorship were set up for Ila Peters on July 13, 1979, after she was severely injured in an automobile accident. The guardianship was terminated on March 27, 1981, but the conservatorship has continued to the present. The prior conservator, Carolyn Schultz, who is the ward's daughter, was appointed on July 8, 1982.

An application to be relieved of duties as conservator was filed by Carolyn Schultz on January 12, 1987. The conservator's attorney filed an application to be relieved of his duties on August 6, 1987. A petition to terminate the conservatorship was filed by the ward on September 8, 1987. All matters came for hearing before the Honorable Michael S. Walsh on November 24, 1987.

On December 22, 1987, Judge Walsh issued an order containing several changes in the conservatorship. The order did not allow for the termination of the conservatorship, but it did include a change in conservator. It also provided for the discharge of Carolyn Schultz as the conservator and R.E. Franck as the conservator's attorney upon the court's approval of the conservator's final accounting.

Despite the provision that an accounting be made within twenty days from the date of Judge Walsh's December 22, 1987, order, the conservator did not provide such an accounting. On March 15, 1988, Judge Phillip Dandos, pursuant to the ward's motion, issued an order that Carolyn Schultz provide a final accounting by April 4, 1988, and that a hearing on the final accounting and appointment of the successor conservator be held on April 18, 1988.

Subsequent to Judge Dandos' order, it came to the attention of the ward and her attorney that the Iowa Department of Revenue and Finance was investigating the fact that no state income tax returns had been filed for the ward since at least 1982. The Department was particularly concerned with the tax year 1985, when the ward's ex-husband paid $39,924 to the Crawford County Clerk of Court for the benefit of the ward. This sum, which included $12,400 in back alimony and $7,524 in interest owing, according to the court ledger, was sent to the conservator on March 19, 1985. The Department of Revenue was apparently inquiring about the ward's tax returns because her ex-husband had claimed these payments as deductions on his income tax return.

The district court was immediately alerted to this turn of events by the ward, who filed a motion requesting an interim accounting and the appointment of a temporary conservator. The motion also request-

414

ed that discharge of Carolyn Schultz and R.E. Franck as conservator and conservator's attorney, respectively, not be granted, pending resolution of the investigation by the Iowa Department of Revenue and Finance.

The conservator filed a resistance to the ward's motion, admitting the receipt of the alimony and interest, but claiming that the money was not received by her, but was sent directly to the ward.

A hearing was held by the Honorable Terry Huitink on May 4, 1988. At that hearing, the conservator contradicted the assertions which had been made in her resistance and admitted receiving almost $40,000 from the Crawford County Clerk in 1985 as the conservator for her mother. She testified that she notified her attorney of the receipt of the money and admitted that no income tax returns had been filed nor taxes paid.

Despite the discrepancies in the conservator's statements and the pending unresolved investigation by the Iowa Department of Revenue, Judge Huitink approved the final accounting and discharged the conservator.

In response to the ward's motion for enlarged or amended findings of fact and conclusions of law, the district court reaffirmed its order entering a discharge of the conservator.

As the nature of this proceeding in probate was equitable, Iowa Code § 633.33, the scope of review by this court is de novo. Iowa R.App.P. 4.

It is the duty of the conservator of an estate to protect and preserve it. Iowa Code § 633.641. Except as modified by statute, conservators have the powers that all fiduciaries have. Iowa Code § 633.649. The provisions of the Code applicable to fiduciaries apply to conservators. Iowa Code § 633.633. Each fiduciary shall be liable for any negligent or willful act or nonfeasance in the fiduciary's administration of an estate by which loss to the estate arises. Iowa Code § 633.160.

Upon termination of a conservatorship, a conservator shall render a full and complete accounting to the ward. Iowa Code § 633.677. The court is to settle each accounting filed by a conservator by allowing or disallowing it, either in whole or in part, or by surcharging the account against the conservator. Iowa Code § 633.674. Upon settlement of the final accounting, the court shall discharge the conservator. Iowa Code § 633.682.

Despite being informed of the pending and unresolved investigation by the Iowa Department of Revenue, the district court approved the final accounting and discharge of Ms. Schultz as conservator.

A conservator has the powers and duties of general fiduciaries. Iowa Code § 633.649. These duties include, but are not limited to, the requirement that in the management of another's property, "a fiduciary shall exercise the judgment and care under the circumstances then prevailing, which persons of prudence, discretion and intelligence exercise in the management of their own affairs." Iowa Code § 633.123. More specifically, a conservator has the duty to protect and preserve an estate, to invest it prudently, and to account for it. Iowa Code § 633.641.

■ A conservator clearly has the statutory duty to protect the estate of a ward. *Matter of Guard. & Conservatorship of Cerven*, 334 N.W.2d 337, 340 (Iowa App. 1983). This duty includes giving a full and accurate accounting. Iowa Code §§ 633.641; 633.670; 633.671. Such an accounting must be in as much detail as possible, even if the details are not current and are difficult to obtain. *Matter of Guardianship & Conservatorship of Cavin*, 333 N.W.2d 840, 842 (Iowa 1983) (it was appropriate to require the conservators to attempt to reconstruct expenditures covering a four-year period).

■ It was an error for the trial court to discharge Ms. Schultz as conservator and to approve her final accounting. The court was informed by the ward's March 14, 1988, motion that an issue had arisen as to unfiled tax returns. As conservator, Ms. Schultz was responsible for the preservation of Ms. Peters' estate. The possible

accumulation of unpaid taxes, interest, and penalty fees evidences a failure on a conservator's part. Ms. Schultz argued that she never received the Form 1099's as they were sent directly to the ward. The 1099's indicate that another taxpayer (in this case the ward's ex-husband) is deducting alimony expenses that were paid to the recipient of the 1099's. Even if Ms. Schultz did not receive these forms, she did testify that she, and not the ward, was the recipient of the money at issue. It was recorded in the Crawford County ledger that a portion of this money represented alimony payments. While the original dissolution decree did not provide for alimony, the modification by the Iowa Court of Appeals did require alimony payments of $400 a month. *In re the Marriage of Ila M. Peters and Loren F. Peters,* No. 63008, slip op. (Iowa Court of Appeals Feb. 5, 1980). As conservator for the ward's estate, Ms. Schultz had a duty to know the types of income derived by the estate and whether it was subject to taxation. Ms. Schultz received correspondence from the Iowa Department of Revenue dated March 22, 1988. This correspondence sought information with regard to the failure to file tax returns for the ward for the years 1980–1986. Despite receipt of this inquiry, Ms. Schultz did not indicate the existence of this issue on either her final accounting (filed April 4, 1988) or her addendum to her final report (dated May 16, 1988). The Iowa Code requires a conservator's accounting to include "that information as shall be necessary to show the condition of the affairs of the conservatorship." Iowa Code § 633.671(7). The existence of an investigation by the Iowa Department of Revenue and the potential liability for back taxes, interest, and penalties is the type of information a conservator is obligated to include in a final accounting.

The trial court should not have discharged Ms. Schultz as conservator until the tax issues had been resolved. The decision of the trial court to approve the final accounting and discharge of Ms. Schultz is reversed. The appointment of Ms. Von Glan as conservator will continue, but the district court is ordered to appoint her to act as a temporary conservator (pursuant to Iowa Code § 633.573) pending resolution of this tax issue. Reversal of Ms. Schultz's discharge will in effect reinstate her as conservator for Ms. Peters and may subject her to any liability for her negligent administration of the estate. Iowa Code § 633.160. The district court is ordered to forbid any further disbursements by Ms. Schultz pending resolution of the tax issues. Ms. Von Glan will be solely responsible for management of the estate's finances.

This case is remanded for the trial court to take appropriate action in accordance with final disposition as ordered by this court.

REVERSED AND REMANDED.