In the Matter of the ESTATE OF Loyd
D. SPURGEON, Deceased.

Grace M. SPURGEON, Appellant,

v.

Loyd R. SPURGEON, Executor, Appellee.

No. 96–784.

Supreme Court of Iowa.

Jan. 21, 1998.

John A. Pabst of Pabst Law Firm, Albia, for appellant.

Kenneth L. Keith of Keith Law Firm, P.C., Ottumwa, for appellee.

Considered by HARRIS, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

This dispute arises over the effect of an antenuptial agreement. The widow of Loyd D. Spurgeon, Grace M. Spurgeon, sought personal property, a spousal allowance and payment of a bequest under Loyd's will from the estate. The district court denied all claims. The court of appeals affirmed on the issue of personal property disposition, and reversed the district court on the other issues. On further review, we now vacate the decision of the court of appeals and affirm the judgment of the district court.

I. Background Facts and Proceedings

Prior to their marriage, the second for both parties, Grace and Loyd Spurgeon signed an antenuptial agreement which provided that in the event of death neither party would be entitled to a claim against the estate of the other. During the marriage, Grace was well provided for. She kept all her farm income, securities, and social security. Loyd died on September 5, 1994. At the time of his death, Grace's income totaled $25,000 per year. After Loyd's death, Grace's social security payments increased from $529 per month to $1362 per month. Loyd's will contained a bequest to Grace for $15,000. Following Loyd's death, Grace moved from the marital home and took with her several items of personal property purchased during the marriage.

Grace closed out a joint checking account in the amount of $10,834.43 and deposited this amount in her account. The estate filed a counterclaim seeking the return of the funds on the grounds she was not entitled to them because her name was on the account only for convenience purposes. The district court ruled Grace was entitled to the proceeds from the joint account. The estate did not appeal this ruling.

Grace next decided to file an election to take against the will, and filed a motion for adjudication of law points to determine whether she had the right to follow such a course. Judge Richard Vogel ruled that although the antenuptial agreement was valid, Grace was not barred from electing to take against the will. Grace subsequently filed for a spousal allowance in the amount of $900 per month. The estate resisted this request and filed a counterclaim, seeking the return of the various items of personal property taken by Grace.

Following a hearing on the issue of whether Grace was entitled to a spousal allowance, the district court ruled that she was not. Judge James Jenkins ruled that due to the terms of the antenuptial agreement, Grace was entitled to nothing as the surviving spouse of the decedent. The court lastly ruled that the various items of personal property taken by Grace belonged to the estate and should be returned.

Grace subsequently filed a motion under Iowa Rule of Civil Procedure 179(b), claiming that the district court order effectively overruled Judge Vogel's prior ruling, and that the rulings were therefore inconsistent. Judge Jenkins denied the motion, holding that Judge Vogel did not rule on the effect Grace's election would have. Grace appealed.

## II. Issues on Appeal

■ Grace argues that under Iowa Code section 633.236 (1995), she had a right to elect to take against the will. She claims that although she may have given up her share of the real property due to her waiver of her right to dower under the terms of the antenuptial agreement, she was still entitled to a portion of the estate based on the provisions of sections 633.238(2)-(3).

■ Grace next argues the district court should have awarded her a spousal allowance. She maintains an antenuptial agreement does not prevent an award of spousal allowance, but merely makes it discretionary. Grace asserts she should be awarded $900 per month for one year to bring her up to what she and Loyd were making together. Grace additionally argues that if Judge Vogel's decision was in error, she should not be barred from now claiming her $15,000 bequest. She lastly claims she should be allowed to keep the items of personal property she took with her because they were purchased with joint marital funds.

The court of appeals affirmed in part and reversed in part, holding that Grace was entitled to a spousal allowance. The court additionally held that even though Grace contracted away her right to take a statutory share, she was entitled to the $15,000 bequest because she had no rights under Iowa Code section 633.246.

## III. Scope of Review

■ This proceeding in probate involves claims by Grace Spurgeon against the estate. Since these are claims tried in equity, and the parties agree, our scope of review is de novo. Iowa Code § 633.33; *In re Conservatorship of Peters,* 447 N.W.2d 412, 414 (Iowa App.1989).

## IV. Statutory Law

The relevant statutes involved in this matter are as follows:

**633.236 Right of surviving spouse to elect to take against will.**

When a married person dies testate as to any part of the person's estate, the surviving spouse shall have the right to elect to take against the will under the provisions of sections 633.237 to 633.246. If the surviving spouse has a conservator, the court may authorize or direct the conservator to elect to take under or against the will as the court deems appropriate under the circumstances.

**633.238 Share of surviving spouse who elects to take against will.**

If the surviving spouse elects to take against the will, the share of such surviving spouse will be:

1. One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of right.

2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.

3. One-third of all other personal property of the decedent that is not necessary for the payment of debts and charges.

**633.246 Election not subject to change.**

An election by or on behalf of a surviving spouse to take the share provided in either section 633.236 or 633.240 or 633.244 hereof once made shall be binding and shall not be subject to change except for such causes as would justify an equitable decree for the rescission of a deed.

**633.374 Allowance to surviving spouse.**

The court shall, upon application, set off and order paid to the surviving spouse, as part of the costs of administration, sufficient of the decedent's property as it deems reasonable for the proper support of the surviving spouse for the period of twelve months following the death of the decedent. When said application is not made by the personal representative, notice of hearing upon the application shall be given to the personal representative. The court shall take into consideration the station in life of the surviving spouse and the assets and condition of the estate. The allowance shall also include such additional amount as the court deems reasonable for

the proper support, during such period, of dependents of the decedent who reside with the surviving spouse. Such allowance to the surviving spouse shall not abate upon the death or remarriage of such spouse.

## V. Resolution

■ A. Grace asserts that notwithstanding the provisions of the antenuptial agreement, she has a right under Iowa Code section 633.236 to take against the will. Grace filed an election; the estate did not contest her right to make this election. Having elected against the will, the estate asserts she is barred under Iowa Code section 633.246 from receiving the $15,000 bequest under the will. This is so, the estate argues, even though Grace is prevented by the antenuptial agreement from claiming a share of Loyd's estate.

The validity of the antenuptial agreement was not questioned and its provisions were broad. It provided that the survivor of either party shall make no claims of any kind against the estate of the other "for dower, statutory right, right of support, right of inheritance, and homestead right."

Grace argues that she is entitled to a share of the estate's personal property under her election because the terms dower and homestead in the antenuptial agreement embrace real property only. We find this claim fails because the terms "statutory right" and "right of inheritance" include the personal property. In addition, we agree with the court of appeals and district court that the property at issue was purchased with Loyd's money. Therefore, we affirm the district court and court of appeals' decisions ordering the return of this property to the estate.

■ B. The court of appeals found that since the antenuptial agreement barred Grace from taking any property via her election against the will, she should not thereby be barred from taking the $15,000 bequest under the will. The logic is that her election having no effect, it was a nullity. We need not speculate as to the motive for Grace's election; numerous reasons are possible for her action. However that may be, the effect of her election is clear under the statute and our case law.

In *In re Campbell*, 319 N.W.2d 275 (Iowa 1982), we said:

By claiming a share as one of the heirs at law under the remainder clause in the will, the widow necessarily claims that she is a devisee in the will. When testator died and his will was admitted to probate, the widow, like surviving spouses of testators generally, had to make a choice: whether to accept the will and forego a statutory share, or to reject the will and take a statutory share instead. A surviving spouse does not have a third choice—to take some of both—except in the unusual case in which a will clearly and explicitly gives the surviving spouse that choice, which this will does not.

. . . .

The authorities are clear as to the effect of an election by a surviving spouse: a choice to take against the will is a genuine election which nullifies gifts to the surviving spouse in the will but leaves the will to be carried out as to the other devisees as nearly as may be done. *Hahn v. Dunn*, 211 Iowa 678, 686, 234 N.W. 247, 252 (1931) ("Kathern M. Hahn, who did not elect to take under her husband's will, received the statutory distributive share and nothing more or less." (Emphasis added.)); *Rench v. Rench*, 184 Iowa 1372, 1376, 169 N.W. 667, 668 (1918) ("The widow having rejected the will, its provisions in her behalf must be wholly disregarded.").

*In re Campbell*, 319 N.W.2d at 277 (emphasis in original omitted). The provisions of Iowa Code section 633.246 make this election by Grace conclusive.

In his ruling on plaintiff's 179(b) motion, Judge Jenkins aptly observed:

If the Decedent had left no Will at all and had died intestate, plaintiff concedes she would have been entitled to nothing because of the antenuptial agreement. It is absurd to believe that simply because the decedent decided to make a Will, its mere execution abrogated the parties' prenuptial agreement and clothed plaintiff

with inheritance rights she had not before held.

... Plaintiff rejected a $15,000 bequest when she elected to take against the Will. She asks this court to restore her bequest.

This court has no authority to undo that which plaintiff herself did. It was plaintiff who knowingly rejected her bequest. The fact that she may have now changed her mind does not alter her rejection.

We find that Judge Jenkins' analysis is correct. Grace forfeited her right to take under the will by her election against the will. On this issue, the court of appeals' decision is vacated and the district court's judgment is affirmed.

■ C. On the issue of the surviving spouse's allowance, the parties agree that if under the facts it was appropriate, under the law it could be ordered. The trial court declined to order it; the court of appeals found the trial court abused its discretion, reversed and ordered a new trial.

Iowa Code section 633.374 provides for spousal support for twelve months following the death of a decedent as part of the costs of administration. The statute provides that the court shall take into consideration the station in life of the surviving spouse and the assets and condition of the estate.

An antenuptial agreement providing that spousal support is waived and no claim may be made for it does not prevent its being awarded, but rather makes its award discretionary. *O'Dell v. O'Dell,* 238 Iowa 434, 464, 26 N.W.2d 401, 416 (1947); *Caldwell v. Caldwell,* 192 Iowa 1157, 1159, 186 N.W. 58, 59 (1922); *Johnson v. Johnson,* 154 Iowa 118, 121, 134 N.W. 553, 554 (1912); *In re Estate of Uker,* 154 Iowa 428, 434, 134 N.W. 1061, 1063–64 (1912); *see also* Iowa Code § 596.5(2) ("The right of a spouse or child to support shall not be adversely affected by a premarital agreement.").

When Loyd died, Grace's personal annual income was about $25,000. After Loyd's death, Grace's social security payments increased from $529 a month to $1362 a month. Grace maintains she should be awarded $900 per month for one year to bring her up to what she and Loyd were making together.

The estate computed that with social security, Grace's annual income would rise to $35,000, and argues that Grace failed to prove any need for a spousal allowance. The trial court found that Grace had funds available to her through her first marriage, social security benefits, and about $11,000 from the joint tenancy bank account. Since Grace was not required to rely on the decedent for support, and had ample funds, the trial court held she was not entitled to spousal support.

■ Pursuant to a change in the probate code, we held that a showing of necessity is not necessary to the granting of support to a surviving spouse. *In re Estate of DeVries,* 203 N.W.2d 308, 311 (Iowa 1972). While this is true, it is appropriate to consider the assets of the surviving spouse when considering the spouse's station in life. Also to be considered are the assets and condition of the estate. Iowa Code § 633.374.

The circumstances presented do not establish an abuse of discretion by the trial court in refusing to order an allowance to Grace as surviving spouse. *See In re Estate of Tollefsrud,* 275 N.W.2d 412, 415 (Iowa 1979) (utilizing abuse of discretion standard to determine whether trial court properly ordered allowance for surviving spouse). If there is a basis in the record for the district court's decision, we will not find an abuse of discretion. *Id.* We cannot say that the trial court's decision had no basis in the record, the lack of which would constitute an abuse of discretion. Therefore, on this issue, we vacate the decision of the court of appeals and affirm the judgment of the district court.

Costs are assessed to plaintiff-appellant.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**