Mary Jane SIEH, Executor of
the Estate of Edward A.
Sieh, Appellant,

v.

Rodger Alan SIEH and Carene Ellen
Larsen, Trustees under the Edward A.
Sieh Trust Agreement Dated May 19,
1992; Rodger Alan Sieh, Individually;
and Carene Ellen Larsen, Individual-
ly, Appellees.

No. 04–1219.

Supreme Court of Iowa.

March 17, 2006.

Rehearing Denied April 19, 2006.

Paul C. Peglow of Johnson, Sudenga, Latham, Peglow & O'Hare, P.L.C., Marshalltown, for appellant.

Mark E. Kirk and Jen Bries of Ball, Kirk & Holm, P.C., Waterloo, for appellees.

CARTER, Justice.

Mary Jane Sieh, surviving spouse of Edward A. Sieh, deceased, who has elected against his will, appeals from an order in probate refusing to include the assets of a revocable inter vivos trust created by Edward during his lifetime as property subject to Mary Jane's statutory share under Iowa Code section 633.238 (2003). The appellees are Rodger Alan Sieh and Carene Ellen Larsen, Edward's son and daughter, who are the beneficiaries of the inter vivos trust. After reviewing the record and considering the arguments presented, we conclude that because Edward had full control of the assets of the inter vivos trust at the time of his death, including the power to revoke the trust, the trust assets were property possessed by the decedent during the marriage and thus subject to the spouse's statutory share under section 633.238. We reverse the judgment of the probate court and remand the case to that court for recomputing Mary Jane's statutory share under that statute.

The revocable inter vivos trust at issue here was created by Edward on May 19, 1992. At that time, he was unmarried. On the day the trust was created, Edward transferred all of his personal effects, furniture, appliances, vehicles, tools, and shop equipment to the trust. On December 23, 1992, he transferred a substantial amount of Grundy County farmland owned by him to the trust. On June 21, 1998, Edward married Mary Jane. They remained married until Edward's death on September 25, 2003.

Rodger and Carene caused Edward's will to be proved and filed without present administration and notice of that act was published on October 9, 2003, and October 16, 2003. They also caused to be published on October 16, 2003, and October 23, 2003, the following notice:

To all persons regarding Edward A. Sieh, deceased, who died on or about September 25, 2003. You are hereby notified that Carene Ellen Larsen and Rodger Alan Sieh are the trustees of the Edward A. Sieh trust. . . .

Any action to contest the validity of the trust must be brought in the district court of Grundy County, Iowa, within the later to occur of sixty days from the date of second publication of this notice, or thirty days from the date of mailing this notice to all heirs of the decedent, spouse of the decedent, and beneficiaries under the trust whose identities are reasonably ascertainable. . . .

Creditors having claims against the trust must mail them to the trustee at the address listed below via certified mail, return receipt requested. Unless creditor claims are mailed by the later to occur of sixty days from the second publication of this notice or thirty days from the day of mailing this notice, a claim shall be forever barred.

A copy of the foregoing notice, which was in compliance with Iowa Code section 633.3109, was mailed to Mary Jane.

On February 20, 2004, Mary Jane caused herself to be appointed executor of Edward's estate and published notice thereof pursuant to Iowa Code section 633.304. She immediately filed an election

to take against the will. She then sought a declaratory decree in probate establishing that the assets of the revocable trust should be included in the statutory share that she would receive as a result of her election against the will.[1] Both Mary Jane and the appellees moved for summary judgment. The court overruled Mary Jane's motion and granted appellees' motion.

## I. *Scope of Review.*

 Because the ruling being appealed was made by sustaining the appellees' motion for summary judgment, we review the issues presented for errors at law. *Wernimont v. Wernimont,* 686 N.W.2d 186, 189 (Iowa 2004). We examine the record to determine whether any genuine issue of material fact exists and whether the court correctly applied the law. *Id.; Hegeman v. Kelch,* 666 N.W.2d 531, 533 (Iowa 2003).

## II. *Probate Court's Ruling.*

In granting summary judgment in favor of appellees, the probate court concluded that, because the revocable inter vivos trust existed as a legally recognized entity separate and distinct from the estate of the decedent, the trust assets were not subject to a surviving spouse's election under section 633.238. In so ruling, the court acknowledged a split of authority on this issue from other jurisdictions. Cases cited by the court that agreed with its view included *Bezzini v. Department of Social*

Services, 49 Conn.App. 432, 715 A.2d 791 (1998); *Taliaferro v. Taliaferro,* 252 Kan. 192, 843 P.2d 240 (1992); *Soltis v. First American Bank,* 203 Mich.App. 435, 513 N.W.2d 148 (1994); and *Dumas v. Estate of Dumas,* 68 Ohio St.3d 405, 627 N.E.2d 978 (1994). The court also noted in its ruling that the Iowa Court of Appeals in considering a request for a spouse's twelve-month subsistence allowance under Iowa Code section 633.374 has held that the assets of a revocable trust created by the decedent are not available for the payment of such allowance. *In re Estate of Epstein,* 561 N.W.2d 82, 87 (Iowa Ct.App. 1996).

Cases considered by the district court that subjected the assets of a revocable trust to a surviving spouse's election included *Dunnewind v. Cook,* 697 N.E.2d 485, 489 (Ind.Ct.App.1998), and *In re Estate of Inter,* 444 Pa.Super. 417, 664 A.2d 142, 147 (1995). The results in the latter two cases are consistent with the views that have been expressed by the American Law Institute in the Restatement (Third) of Property (Wills & Don. Trans.) and the Restatement (Third) of Trusts. The Restatement (Third) of Property provides:

> In a state whose statute subjects the decedent's "estate" to the [spouse's elective share], the elective share is applied to the value of the decedent's estate which, for purposes of calculating the elective share, includes (i) the value of the decedent's probate estate, (ii) the value of property owned or owned in substance by the decedent immediately

---

1. Pursuant to Iowa Code section 633.238 (2003), a surviving spouse electing against the will is entitled to the following share of the estate:

 If the surviving spouse elects to take against the will, the share of such surviving spouse will be:

 1. One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage,

which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of right.

 2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.

 3. One-third of all other personal property of the decedent that is not necessary for the payment of debts and charges.

before death but passed outside of probate at the decedent's death to donees other than the surviving spouse, and (iii) the value of irrevocable gifts to donees other than the surviving spouse made by the decedent in anticipation of imminent death.

Restatement (Third) of Property: Wills and Donative Transfers § 9.1(c) (2003). Comment j to this section of the Restatement provides:

> Although property owned or owned in substance by the decedent immediately before death that passed outside of probate at the decedent's death is not part of the decedent's probate estate, such property is owned in substance by the decedent through various powers or rights, *such as the power to revoke, withdraw, invade, or sever,* or to appoint the decedent or the decedent's estate as beneficiary. Consequently, for purposes of calculating the amount of the [spouse's] elective share the value of property owned or owned in substance by the decedent immediately before death that passed outside of probate at the decedent's death to donees other than the surviving spouse is counted as part of the decedent's "estate." The decedent's motive in creating, exercising or not exercising any of these powers is irrelevant.

Restatement (Third) of Property: Wills and Donative Transfers § 9.1 cmt. j (2003) (emphasis added).

The Restatement (Third) of Trusts provides:

> A trust that is not testamentary is not subject to the formal requirements of § 17 [requirements for execution and witnessing] or to procedures for the administration of a decedent's estate; nevertheless, a trust is ordinarily subject to substantive restrictions on testation and to rules of construction and other rules applicable to testamentary dispositions, and in other respects the property of such a trust is ordinarily treated as though it were owned by the settlor.

Restatement (Third) of Trusts § 25 (2003). Comment d of this restatement provides:

> [I]n most American jurisdictions the surviving spouse of a married decedent is entitled to a share of the estate of which the spouse cannot be deprived by the decedent's will in the absence of an election by the spouse to accept something less or different, or nothing, as may be provided by the decedent's will. Although modern versions of these so-called "forced" or "elective" share statutes vary considerably in language and in details of implementation, a married property owner cannot properly circumvent the policy of such statutes through the use of an inter vivos trust that is *revocable,* directly or indirectly (such as through an unrestricted power of amendment or appointment), by the settlor.

Restatement (Third) of Trusts § 25 cmt. d (2003).[2]

 The issue now presented to this court is one of first impression. Over

---

**2.** Section 2–202 of the Uniform Probate Code also provides for an augmented estate in computing the spousal elective share, including assets in revocable trusts created by the deceased's spouse. After this case had been decided in the district court, the Iowa legislature amended section 633.238 to include the assets in revocable trusts created by a deceased spouse in the surviving spouse's statu-

tory share. 2005 Iowa Acts ch. 38, § 14. This legislation would be significant to our present consideration only if our attempt to determine what the law was prior to the amendment leaves us with some doubt. *Bob Zimmerman Ford, Inc. v. Midwest Auto. I, L.L.C.,* 679 N.W.2d 606, 610 (Iowa 2004). For the reasons we indicate in our opinion, it does not.

ninety years ago, we determined that the assets in an irrevocable trust created by a deceased spouse during his lifetime could not be included in the surviving spouse's statutory share following an election against the will. *Haulman v. Haulman*, 164 Iowa 471, 484, 145 N.W. 930, 935 (1914). In so holding, we emphasized the lack of control that the decedent had over the trust assets. *Id.* In the present case, the decedent had complete control over the trust assets at all times prior to his death. Under the position adopted by the American Law Institute in the restatements to which we have referred, that fact would allow the assets in the revocable trust to be included in the statutory share of Edward's spouse electing against the will. We adopt the view of the American Law Institute on this issue. Although Edward very likely did not intend for Mary Jane to share in any of the trust assets, we are satisfied that this is her right by reason of section 633.238.

In adopting this position, we are influenced by the fact that we have previously recognized the right of a general creditor to proceed against the assets in a revocable inter vivos trust for purposes of satisfying a valid claim filed in the estate of the settlor. *In re Estate of Nagel*, 580 N.W.2d 810, 811 (Iowa 1998). Although the appellees point out that the trust in *Nagel* contained language authorizing the payment of debts, we did not decide the case on that basis. We relied on the principle that a trust settlor should not be allowed to retain all the benefits of ownership without assuming any of the burdens. *Id.*

We are convinced that the rights of a surviving spouse should not be less favored than the interests of general creditors. We conclude that the district court erred in not subjecting the assets of the revocable inter vivos trust created by Edward to Mary Jane's spousal election under section 633.238.

### III. *Whether Mary Jane's Election is Time Barred Pursuant to Iowa Code Section 633.3109.*

The district court concluded that, even if Mary Jane was entitled to subject the assets of the revocable trust to her spousal election, that election was time barred by reason of Iowa Code section 633.3109. That statute provides for the giving of notice of the type served on Mary Jane by the trustees and provides that, unless an action to contest the validity of the trust is brought within the later to occur of sixty days from the date of the second publication of the notice or thirty days from the date of mailing the notice, such claims are barred. Iowa Code § 633.3109(3)(*d*). This statute further provides creditors having claims against a trust must

> mail proof of their claim to the trustee via certified mail, return receipt requested, within the later to occur of sixty days from the second publication of the notice or thirty days from the date of mailing of the notice, or thereafter be forever barred.

Iowa Code § 633.3109(3)(*e*).

Mary Jane urges that this statute does not operate to bar her effort to include the assets of the revocable trust in the statutory share to which she is entitled by reason of her timely election against Edward's will. We agree. Pursuant to her election to take against the will, the district court had authority to decide whether her statutory share embraced the trust assets by ruling in the estate proceedings. It was not necessary for Mary Jane to file a claim in the trust or bring a separate action involving the trust in order to obtain the relief she was seeking. An analogous situation exists with regard to creditors filing

claims in an estate following the publication of notice under Iowa code sections 633.230 or 633.304. Those creditors may seek to subject revocable trust assets to their claims in the estate proceeding through the regular claims process and are not subject to the requirements of section 633.3019(3). Iowa Code § 633.3019(2). The notice and bar provisions of section 633.3019(3) are conditioned on an absence of proper notice to creditors in the estate proceeding. *See id.*

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to that court for a determination of Mary Jane's spousal share under section 633.238 in accordance with the directives of this opinion.

**REVERSED AND REMANDED.**