# IN THE SUPREME COURT OF IOWA

No. 12 / 06–1485

Filed February 22, 2008

**IN THE MATTER OF THE ESTATE OF EDWARD A. SIEH,** Deceased,

**RODGER A. SIEH** and **CARENE E. LARSEN,** Trustees of the Edward A. Sieh Trust,

Appellants,

vs.

**MARY JANE SIEH**,

Appellee.

Appeal from the Iowa District Court for Grundy County, Todd A. Geer, Judge.

Trustees of inter vivos trust appeal from district court order subjecting trust assets to a spousal allowance under Iowa Code section 633.374 (2003). **AFFIRMED.**

Max E. Kirk and Jennifer L. Chase of Ball, Kirk & Holm, P.C., Waterloo, for appellants.

Paul C. Peglow and Bethany J. Currie of Johnson, Sudenga, Latham, Peglow & O'Hare, P.L.C., Marshalltown, for appellee.

**LARSON, Justice.**

The trustees of a revocable inter vivos trust have appealed from a district court order subjecting assets of the trust to payment of a spousal allowance ordered in the estate of the settlor pursuant to Iowa Code section 633.374 (2003). We affirm.

### I. Facts and Prior Proceedings.

Edward Sieh established a revocable inter vivos trust in 1992 and transferred most of his property to the trust by a deed and a bill of sale. Also in 1992, he executed a will leaving the residue of his estate to the trust. He married Mary Jane in 1998, but did not change his trust or will to reflect the change in his marital status. Edward died in 2003, survived by Mary Jane, his widow, and four adult children. Mary Jane elected to take against the will under Iowa Code section 633.238. However, the assets of the estate were not sufficient to satisfy Mary Jane's elective share, so the question arose whether the assets of the revocable trust could be distributed to her as payment of her elective share. We answered that question in the affirmative in *Sieh v. Sieh*, 713 N.W.2d 194, 198 (Iowa 2006) (*Sieh I*). Our holding was informed by an analogous Iowa case, *In re Estate of Nagel*, 580 N.W.2d 810 (Iowa 1998), as well as cases from other jurisdictions and the Restatement (Third) of Property. *Sieh I*, 713 N.W.2d at 198.

After our reversal and remand in *Sieh I*, Mary Jane applied for a spousal allowance under Iowa Code section 633.374, and the trustees resisted on the ground the estate had no assets from which to pay such an award. They contended that *Sieh I* held only that the assets of the trust were subject to payment of Mary Jane's *distributive* share, but "does not direct the [district] court to augment the Sieh Estate in order to provide assets from which a spousal allowance may be paid." The

district court rejected that argument and ruled that the assets of the revocable trust were subject to payment of the spousal allowance. It awarded Mary Jane $3000 per month for twelve months, payable in a lump sum.

## II. The Issues.

The trustees raise two issues: (1) did the district court abuse its discretion in awarding a spousal allowance as part of the costs of administration "when there are no assets in the estate from which the allowance can be satisfied," and (2) did the court abuse its discretion in awarding the allowance "when defendants did not have an opportunity to review and respond to plaintiff's affidavit regarding her finances" in advance of the hearing.

## III. The Controlling Statute.

Iowa Code section 633.374 provides this with respect to spousal allowances:

> The court shall, upon application, set off and order paid to the surviving spouse, as part of the costs of administration, sufficient of the decedent's property as it deems reasonable for the proper support of the surviving spouse for the period of twelve months following the death of the decedent. . . . The court shall take into consideration the station in life of the surviving spouse and the assets and condition of the estate. . . . Such allowance to the surviving spouse shall not abate upon the death or remarriage of such spouse.

## IV. Application of Iowa Code Section 633.374.

Under section 633.374, a district court shall order a spousal allowance. Despite the "shall" language of the statute, we have held that a court's ruling on an application for spousal support is reviewed for abuse of discretion. *In re Estate of Spurgeon*, 572 N.W.2d 595, 599 (Iowa 1998); *In re Estate of Tollefsrud*, 275 N.W.2d 412, 415 (Iowa 1979). In this case, we review the support order for an abuse of discretion, keeping

in mind the requirement of the statute that the court "take into consideration the station in life of the surviving spouse and the assets and condition of the estate." Iowa Code § 633.374.

We reject the trustees' argument that the estate may not look to assets of the trust to fund a spousal allowance. We do so, first, based on section 633.3104(2), which, at the time of this case, subjected the assets of a revocable trust to payment of the costs of administration of the settlor's estate when "the settlor's estate is inadequate to satisfy those claims and costs." By definition, a spousal allowance is a cost of administration and is, therefore, statutorily entitled to be satisfied out of the assets of the revocable trust. *Id.* §§ 633.3(8), 633.3104(2).

Our holdings in *Sieh I* and *Nagel* (which subjected trust assets to the payment of general claims) are consistent with this conclusion. In *Sieh I*, we built on *Nagel*'s holding and concluded "the rights of a surviving spouse should not be less favored than the interests of general creditors." *Sieh I*, 713 N.W.2d at 198. Similarly, we believe in this case the right of a surviving spouse to an allowance under section 633.374 should not be less favored than the claims of general creditors or the payment of a distributive share.

In addition to our case law supporting that result, the Restatement provides:

> An inter vivos donative transfer to others than the donor's spouse . . . that is revocable by the donor at the time of the donor's death, is subject to spousal rights of the donor's spouse in the transferred property that would accrue to the donor's spouse on the donor's death if the transfer had been made by the donor's will.

Restatement (Second) of Property § 34.1(3) (1992). Comment *k* to this section further explains that the assets of a revocable inter vivos trust are subject to spousal rights, specifically "family allowances."

We hold that the assets of the trust were properly subjected to payment of the spousal allowance. The court of appeals decision in *In re Estate of Epstein*, 561 N.W.2d 82 (Iowa Ct. App. 1996), decided before *Sieh I*, reached a contrary result. In *Epstein*, the court of appeals held that the assets of a revocable trust could not be used to pay a spousal allowance because the trust and estate were separate entities and to "commingle the assets of the estate and the trust run[s] contrary to the purpose of establishing two separate entities." *Id.* at 87. We reject that reasoning, based on the authorities discussed above, and overrule *Epstein* to the extent it does not allow revocable trust assets to be used to satisfy a spousal allowance.

## V. The Procedural Argument.

The trustees complain that the district court abused its discretion by failing to allow them an "opportunity to review and respond" to Mary Jane's financial affidavit furnished in support of her application for a spousal allowance. Her application was filed on August 14, 2006. The trustees filed a resistance on August 16, complaining that they lacked sufficient information regarding Mary Jane's needs and "request[ing] that an appropriate financial application be submitted to the court and the parties for review prior to the court's further consideration of this matter." Mary Jane responded and furnished an affidavit of financial status on August 28, 2006. The court's order for support was entered the same day, without allowing the trustees any additional time to analyze the financial affidavit.

We find no merit in the trustees' procedural complaint. Section 633.374 does not require that a financial affidavit be filed prior to the court's award of spousal allowance, and none of our cases suggest it. In fact, a showing of necessity is not a prerequisite for receiving a spousal

allowance. *Spurgeon*, 572 N.W.2d at 599; *In re Estate of DeVries*, 203 N.W.2d 308, 311 (Iowa 1972).

A separate statute, Iowa Code section 633.375, provides for review of an award made under section 633.374:

> The court may, upon the petition of the spouse, or other person interested, and after hearing pursuant to notice to all interested parties, review such allowance and increase or decrease the same.

This section requires notice and hearing, and presumably the presentation of financial information, because it allows for increasing or decreasing the award. However, it is clear from a reading of this section that it applies only after the fact, i.e., only after the award has been made. Moreover, the trustees have not attempted to use section 633.375 to challenge the amount of the allowance.

The trustees understandably do not claim the spousal allowance of $36,000 (in an estate of approximately $1.7 million) is excessive, and we do not address that question.

The district court correctly subjected the trust assets to payment of the spousal allowance award, and we therefore affirm.

**AFFIRMED.**