**CITY OF AMES, Iowa, Appellant,**

v.

**Robert Leroy RATLIFF, Administrator of the Estate of Ricky Ratliff, Appellee.**

No. 90–656.

Supreme Court of Iowa.

June 19, 1991.

John R. Klaus, Ames City Atty., for appellant.

Lad Grove, Ames, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

The City of Ames appeals from a district court judgment denying its claim in probate for medical expenses paid on behalf of the decedent under the terms of a health insurance plan the decedent's father had with the City. The district court concluded that the City's claim was barred by Iowa Code section 633.336 (1989) which exempts wrongful death proceeds from the debts and charges of the estate. We disagree with the district court's characterization of the City's claim as a debt or charge and reverse.

On August 27, 1988, Ricky Ratliff was seriously injured in a motor vehicle accident. Ricky was immediately hospitalized for his injuries, incurring substantial medical expenses. On September 6, 1988, Ricky died from the injuries.

Ricky was survived by his father, Robert. Robert had group health insurance with his employer, the City of Ames, and Ricky qualified for benefits as Robert's dependent. Ricky was eighteen years old and was enrolled to attend the Des Moines Area Community College in the fall. As a result, the City paid $20,085.96 for medical expenses incurred in treating Ricky.

Ricky's estate was opened on September 20, 1988, and Robert was appointed admin-

istrator the next day. The second publication of notice to creditors occurred on October 12, 1988. Later, the estate received permission to retain an attorney to seek recovery for the wrongful death of Ricky. The City filed no claim against the estate for medical expenses paid at this time.

On November 22, 1989, the estate filed an application to approve its wrongful death settlement with the insurer of the driver and owners of the vehicle in which Ricky was a passenger. The agreement provided that the estate would receive from the tortfeasor's insurance carrier $125,000 plus payment of $5000 under the medical payments portion of their coverage for the settlement of the claim. The City's entitlement to reimbursement of medical expenses paid was not resolved. On December 6, 1989, the City filed a claim in probate in response to the estate's application for settlement of claim. The City sought reimbursement for medical expenses paid of $20,085.96, plus interest, less such reasonable amount for attorney fees due, if any, under Iowa Code section 668.5(3). On December 11, 1989, the district court approved the settlement, awarded attorney fees, and ordered the placement of the disputed amount for medical expenses in an interest bearing account pending resolution of the City's claim. The administrator of the estate disallowed the City's claim. Following a hearing, the district court denied the City's claim. The district court determined that the settlement recovery was wrongful death proceeds and that the medical expenses were "debts and charges" and therefore not recoverable based on Iowa Code section 633.336. The City has filed this appeal.

■ I. Initially, we must decide whether we can consider the City's claim. The estate contends that the City failed to timely file its claim or preserve error on the precise issue it raised on appeal. We reject both contentions.

The City promptly filed its claim once the settlement was approved. The estate implicitly recognized the City's ability to file its claim by filing an additional notice to creditors once the settlement was approved. We agree with the district court that "peculiar circumstances" existed to find that the City's claim was timely filed under Iowa Code section 633.410.

We also determine that the City properly preserved error as to its basis for reversing the district court's judgment. The City's argument that it is entitled to reimbursement from the settlement proceeds based upon its health insurance plan has remained constant throughout the course of the litigation.

■ II. The dispositive issue presented here is whether a health insurer's claim for reimbursement is a "debt or charge" within the meaning of Iowa Code section 633.336 and thus not recoverable from the proceeds of a wrongful death settlement. Iowa Code section 633.336 provides that if the decedent is survived by a parent, "damages for wrongful death shall not be subject to debts and charges of the decedent's estate...." Thus, resolution of this issue turns on the nature of the health insurer's claim and whether it constitutes a debt or charge.

The probate code defines "debts" to include "liabilities of the decedent which survive, whether arising in contract, tort or otherwise." Iowa Code § 633.3(10). "Charges" are defined to include "... costs of administration, funeral expenses, cost of monument, and federal and state estate taxes." Iowa Code § 633.3(4). In establishing payment priority for estate debts and charges, the probate code refers to court costs, funeral and burial expenses, taxes, medical expenses, and unpaid support as debts and charges. Iowa Code § 633.425. In each case, the debt or charge is a general obligation of the estate, payable from whatever assets the estate acquires.

Here, the City's claim arises out of its self-insured health benefit plan for its employees and their dependents. The policy provides, in a section entitled "Subrogation," that the rights of the member or dependent to receive damages from another party will be transferred to the City, but only to the extent of benefit payments made. If payment is received, the City

would be reimbursed but not for more than the amount paid by the other party. Thus, pursuant to the health plan, the City may only look to the wrongful death settlement proceeds, and not to the estate, for reimbursement.

We find that the City's claim for reimbursement is not a debt or charge within the meaning of section 633.336. Instead, the City's claim for a portion of the settlement proceeds arises out of its right of subrogation under the health insurance policy. The City, by its payment of the medical expenses, acquired a proprietary interest in the estate's wrongful death claim to the extent of its payment. *Employers Mut. Casualty Co. v. Hanshaw,* 176 N.W.2d 653, 655 (Iowa 1970). Once the estate recovered for the wrongful death of Ricky, the City became entitled to a portion of the recovery based on Ricky's predeath assignment of a share of the recovery pursuant to his acceptance of the medical payments under the health insurance policy. *Cf., City of Detroit v. Bridgeport Brass Co.,* 28 Mich.App. 54, 59–60, 184 N.W.2d 278, 281 (1970). Indeed, if Ricky's estate would have been unable to recover damages for his death but had assets otherwise, the City would be unable to collect for the medical expenses it paid. We reverse the district court determination and conclude that the City is entitled to reimbursement of the medical expenses it paid.

III. Since we have determined that the City had a right to be reimbursed from the settlement, we must determine whether the City is obligated to pay a proportionate share of the legal and administrative costs needed to obtain the wrongful death settlement. Iowa Code section 668.5(3) and (4) provides that a subrogated person shall be responsible for a pro rata share of the legal and administrative expenses incurred in obtaining a reasonable settlement recovery. *Principal Casualty Ins. Co. v. Norwood,* 463 N.W.2d 66 (Iowa 1990). Despite the City's current claim to the contrary, the City specifically recognized the applicability of section 668.5(3) when it filed its original claim in probate. We conclude that the City is obligated to pay a pro rata share of the legal and administrative costs incurred

by the estate in obtaining the settlement for the wrongful death of Ricky Ratliff. In determining this pro rata share, we rely on the district court's order of December 11, 1990. That order approved the payment of attorney fees and administrative expenses in prosecuting the wrongful death claim. Therefore, we find that the City's right to reimbursement from the settlement for medical expenses paid should be reduced to $12,781.65. Pursuant to Iowa Code section 535.3, we award the City interest on this amount from the date the City filed its claim in probate.

IV. We hold that the City, as a subrogated health insurer, is entitled to reimbursement of medical expenses paid from the proceeds of a wrongful death settlement. This amount, however, is reduced by a pro rata share of the legal and administrative expenses incurred in obtaining the wrongful death settlement. As such, we determine that the City is entitled to $12,-781.65 plus statutory interest from the date the City filed its claim in probate. We therefore reverse and remand to district court for entry of judgment consistent with this opinion.

REVERSED AND REMANDED.