# IN THE SUPREME COURT OF IOWA

No. 11–1378

Filed November 2, 2012

**IN THE MATTER OF THE ESTATE OF KAREN J. MYERS,** Deceased.

**REX A. PICKEN,**
      Appellant.

---

Appeal from the Iowa District Court for Hamilton County, Carl D. Baker, Judge.

Executor appeals probate court ruling that pay-on-death assets are included in the surviving spouse's elective share. **REVERSED AND REMANDED.**

James L. Kramer of Johnson, Kramer, Good, Mulholland, Cochrane & Driscoll, P.L.C., Fort Dodge, for appellant.

William D. Kurth of Kurth Law Office, Lake City, for appellees.

**WATERMAN, Justice**.

This appeal presents a question of first impression: whether a surviving spouse's elective share, as defined in Iowa Code section 633.238 (Supp. 2009), includes pay-on-death (POD) assets.[1] The probate court ruled that three of Karen Myers's assets, a checking account, certificate of deposit, and an annuity, all payable on her death to her daughters, should be included in the elective share of her surviving spouse, Howard Myers.

The assignees of Howard's elective share (assignees) argue the elective share should include POD assets under *Sieh v. Sieh*, 713 N.W.2d 194, 198 (Iowa 2006), which held the elective share includes assets in a revocable trust. The executor argues the general assembly, by amending section 633.238 in 2009, expressly limited the surviving spouse's elective share to the four categories of assets listed in the statute, none of which include POD assets. The probate court, however, ruled against the executor by comparing Karen's POD assets to the revocable trust at issue in *Sieh*. This interpretation would ensure the surviving spouse's elective share rights are not defeated through the use of nonprobate assets, such as POD accounts and annuities.

For the reasons explained below, we conclude the 2009 amendment to section 633.238 trumps *Sieh*. The controlling statutory language omits POD assets from the surviving spouse's elective share. Accordingly, we reverse the ruling of the probate court.

---

[1]We use "POD assets" to refer to the POD accounts and annuity at issue in this case. Although the accounts in this case were POD accounts, the same analysis would apply to transfer-on-death (TOD) accounts.

## I. Background Facts and Proceedings.

Karen died on November 2, 2009, survived by her spouse, Howard. Rex Picken, Karen's brother and the executor of her estate, admitted Karen's will to probate on November 20. At the time of her death, Karen owned a number of assets, either jointly or individually, which were valued at $479,989.29. Howard became the sole owner of real estate and other property he and Karen owned as joint tenants with right of survivorship. Karen left no other property to Howard in her will, aside from some household furnishings. Karen bequeathed the rest of her property to her daughters and stepson. The assets at issue in this appeal are a checking account and certificate of deposit at the First Federal Savings Bank valued at $91,085.71 and an annuity with River Resource Funds valued at $18,978.80. All three of these assets were accompanied by beneficiary designations that made them payable on death to Karen's daughters.

Howard filed for an elective share on June 30, 2010, and an application for support allowance on July 8. The probate court denied Howard's application for support allowance because it found Howard lacked need for such support. On February 9, 2011, Howard assigned his interest in Karen's estate, including his right to an elective share, to the heirs of DeLillian Peterson, the Ramona Russell Trust, and the Helen B. Anderson Trust.[2] Howard, a former attorney who had

---

[2]The executor argues for the first time on appeal that Howard's assignment of his elective share violated Iowa Code section 633.242 (2009), which states:

> The right of the surviving spouse to take an elective share, and the right of the surviving spouse to receive a life estate in the homestead, are personal. They are not transferable and cannot be exercised for the spouse subsequent to the spouse's death. If the surviving spouse dies prior to filing an election, it shall be conclusively presumed that the surviving spouse does not take such elective share.

surrendered his law license, assigned his interest in Karen's estate to satisfy a restitution judgment against him in a criminal action. Specifically, Howard had been convicted of second- and third-degree felony theft for stealing client funds.

On May 6, the assignees filed an application to set off the surviving spouse's share. The assignees requested that the probate court determine, as an initial matter, whether the checking account, certificate of deposit, and annuity should be included in Howard's elective share. The probate court relied on our 2006 decision in *Sieh*. There, we concluded that assets in a revocable trust were to be included in the surviving spouse's elective share, even though they were not explicitly mentioned in section 633.238 at that time. *Sieh*, 713 N.W.2d at 198. In reaching that conclusion, we emphasized the fact that "the decedent had complete control over the trust assets at all times prior to his death." *Id.* Similarly, the probate court emphasized that Karen retained control over the POD assets before her death and, thus, concluded that these assets, like the assets of a revocable trust, should be included in Howard's elective share. This issue has divided the trial courts of our state.[3]

_____

Because the executor failed to raise this argument in probate court, we decline to reach it. *See Bowman v. City of Des Moines Mun. Hous. Agency*, 805 N.W.2d 790, 797 (Iowa 2011) ("We decline to consider an argument that is raised for the first time on appeal."). In any event, this argument lacks merit. This provision states that it is "[t]he right . . . to *take* an elective share" that is not transferable. Iowa Code § 633.242 (emphasis added).

[3]The Iowa Practice Series noted uncertainty as to whether *Sieh*'s rationale could be applied to "any asset controlled by the decedent during life for which a beneficiary designation has been made." 2 Marlin M. Volz, Jr., *Iowa Practice Series*, *Methods of Practice* § 21:24, at 249 (2012). Iowa district courts have reached conflicting decisions on whether such assets should be included in a surviving spouse's elective share. *See id.*; *see also Rich v. Rich*, No. EQCV141699 (Woodbury Cnty. Dist. Ct., Sept. 14, 2011) (concluding the elective share included one-third of the decedent's POD accounts and annuities and all of an individual retirement account); *In re Estate of Albers*, Probate No. ESPR039413 (Pottawattamie Cnty. Dist. Ct., Dec. 2, 2009) (ruling the surviving spouse's elective share does not include POD or TOD accounts).

We retained the executor's timely appeal to resolve this question of first impression.

## II. Standard of Review.

A surviving spouse's claim against the estate for an elective share under Iowa Code section 633.236 is tried in equity. Section 633.33 provides:

> Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity.

Iowa Code § 633.33 (2009). Cases tried in equity are reviewed de novo. Iowa R. App. P. 6.907. But, when there are no disputed facts and the appeal turns on whether the probate court's interpretation of a statute was erroneous, as is the case here, our review is for correction of errors of law. *See In re Estate of Thomann*, 649 N.W.2d 1, 3–4 (Iowa 2002).

## III. Analysis.

Because the probate court relied on *Sieh*, we begin by discussing that decision. We then analyze the controlling statutory language.

**A. *Sieh v. Sieh.*** In *Sieh*, Mary Jane Sieh, the surviving spouse of Edward Sieh, argued that she should receive, as part of her elective share, assets of a revocable *inter vivos* trust created by Edward several years before their marriage. *Sieh*, 713 N.W.2d at 195. The beneficiaries of this trust, Edward's children, argued that the revocable trust should not be included in Mary Jane's elective share, and the probate court agreed. *Id.* We reversed, emphasizing that,

> because Edward had full control of the assets of the inter vivos trust at the time of his death, including the power to revoke the trust, the trust assets were property possessed by the decedent during the marriage and thus subject to the spouse's statutory share under section 633.238.

*Id.*

We reached this conclusion even though revocable trusts were not mentioned in section 633.238 at that time.[4]  Section 633.238 lists the assets that are to be included in the surviving spouse's elective share. The general assembly added revocable trusts to section 633.238 in 2005 after the *Sieh* case had been decided by the district court, but before we decided the appeal.  *See Sieh,* 713 N.W.2d at 197 n.2 (citing 2005 Iowa Acts ch. 38, § 14); *see also* Iowa Code § 633.238(1)(*d*) (Supp. 2005) (stating the surviving spouse's elective share includes "[o]ne third in value of the property held in trust . . . over which the decedent was a grantor and retained at the time of death the power to alter, amend, or revoke the trust").  We noted this amendment "would be significant to our present consideration only if our attempt to determine what the law was prior to the amendment leaves us with some doubt."  *Sieh,* 713 N.W.2d at 197 n.2.  However, we concluded revocable trusts would have been included in the surviving spouse's elective share even under the preamendment version of section 633.238.  *Id.* at 198.[5]

---

[4]The version of section 633.238 applicable in *Sieh* read:

If the surviving spouse elects to take against the will, the share of such surviving spouse will be:

1. One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no relinquishment of right.

2. All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.

3. One-third of all other personal property of the decedent that is not necessary for the payment of debts and charges.

Iowa Code § 633.238 (2003).

[5]Although we determined that the statutory language of section 633.238 could be read more expansively in *Sieh*, the legislative history to the 2005 amendment

We reached this conclusion by relying on the Restatement (Third) of Property:

> "Although property owned or owned in substance by the decedent immediately before death that passed outside of probate at the decedent's death is not part of the decedent's probate estate, such property is owned in substance by the decedent through various powers or rights, *such as the power to revoke, withdraw, invade, or sever*, or to appoint the decedent or the decedent's estate as beneficiary. Consequently, for purposes of calculating the amount of the [spouse's] elective share the value of property owned or owned in substance by the decedent immediately before death that passed outside of probate at the decedent's death to donees other than the surviving spouse is counted as part of the decedent's 'estate.' The decedent's motive in creating, exercising or not exercising any of these powers is irrelevant."

*Id.* at 197 (quoting Restatement (Third) of Property: Wills and Other Donative Transfers § 9.1 cmt. *j* (2003), at 212 (emphasis added)). Based on this Restatement provision, we concluded the fact Edward "had complete control over the trust assets at all times prior to his death . . . would allow the assets in the revocable trust to be included in the statutory share of Edward's spouse electing against the will." *Id.* at 198.

The assignees understandably argue *Sieh* should be read broadly to sweep into section 633.238 property within the decedent's control at

---

suggests the legislature intended otherwise. The explanation accompanying this amendment states:

> The bill amends sections of the probate code relating to the right of a surviving spouse to take an elective share of the deceased spouse's estate including the right to receive a share of the deceased spouse's revocable trust assets and the right to elect a life estate in the homestead. Current law provides that a surviving spouse may elect against the will of a deceased spouse and claim a statutory share that does not include property held in trust by the deceased spouse or the right to elect a life estate in the homestead.

H.F. 799, 81st G.A., 1st Sess., explanation (Iowa 2005). We did not mention this legislative history in *Sieh*.

the time of her death, such as the POD assets at issue here. The probate court agreed. We reach the opposite conclusion, based on the controlling statutory language as amended after *Sieh*.

**B. Section 633.238.** We now consider whether the general assembly's subsequent amendment of section 633.238 limited *Sieh*'s holding. The general assembly amended section 633.238 in 2009. *See* 2009 Iowa Acts ch. 52, § 4. This amendment, effective July 1, 2009, "appl[ies] to estates of decedents and revocable trusts of settlors dying on or after" that date. *Id.* § 14(3). Karen died in November of 2009, so the statute applies as amended.

By this amendment, the legislature added "limited to" to section 633.238(1), with the result that section 633.238 now reads:

> 1. The elective share of the surviving spouse shall be *limited to* all of the following:
>
> *a.* One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage which have not been sold on execution or other judicial sale, and to which the surviving spouse has made no express written relinquishment of right.
>
> *b.* All personal property that, at the time of death, was in the hands of the decedent as the head of a family, exempt from execution.
>
> *c.* One-third of all personal property of the decedent that is not necessary for the payment of debts and charges.
>
> *d.* One-third in value of the property held in trust not necessary for the payment of debts and charges over which the decedent was a grantor and retained at the time of death the power to alter, amend, or revoke the trust, or over which the decedent waived or rescinded any such power within one year of the date of death, and to which the surviving spouse has not made any express written relinquishment.
>
> 2. The elective share described in this section shall be in lieu of any property the spouse would otherwise receive under the last will and testament of the decedent, through intestacy, or under the terms of a revocable trust.

Iowa Code § 633.238 (Supp. 2009) (emphasis added).

When interpreting a statute that has been amended, "we may consider the previous state of the law, circumstances surrounding the statute's enactment, and the text both before and after the amendment." *Davis v. State*, 682 N.W.2d 58, 61 (Iowa 2004). We presume that the law has been changed if the legislature added or deleted words from the statute, "unless the remaining language amounts to the same thing." *Id.* "When interpreting amendments, we will assume that the amendment sought to accomplish some purpose and was not a futile exercise." *Id.*

The postamendment version of section 633.238 states that "[t]he elective share of the surviving spouse *shall be limited to* all of the following." Iowa Code § 633.238 (emphasis added). It is clear that the legislature, by this language, intended to limit the property that would be included in the surviving spouse's elective share to the four categories of property specifically identified in the statute. This interpretation is consistent with the general assembly's explanation accompanying the House version of the bill. The explanation states, "The bill limits the elective share of the surviving spouse who elects to take against a decedent's will to the elective share portions contained in Code section 633.238 and does not include nonprobate or nontrust assets." H.F. 677, 83rd G.A., 1st Sess., explanation (Iowa 2009);[6] *see also City of Cedar Rapids v. James Props., Inc.*, 701 N.W.2d 673, 677 (Iowa 2005) ("We give weight to explanations attached to bills as indications of legislative intent."). We conclude the 2009 amendment legislatively abrogated *Sieh* in part. Under the controlling language of the

---

[6]The same explanation appears in the Legislative Services Agency's summary of the legislation cited by the executor. *See* Legis. Servs. Agency, *2009 Summary of Legislation*, S.F. 365—Administration of Estates and Trusts (Iowa 2009), *available at* http://www.legis.state.ia.us/GA/83GA/Session.1/Summary/summary_2009.pdf.

amendment, the elective share is limited to those assets specifically enumerated in section 633.238(1) and cannot be judicially expanded.

The assignees did not assert in probate court or in their appellate brief that the POD assets fall into any of the four categories in section 633.238(1). The assignees, however, belatedly contended for the first time during oral argument to our court that these assets are included in the elective share under section 633.238(1)(*c*) as "personal property of the decedent." While "[w]e [may] decline to consider an argument that is raised for the first time on appeal," *Bowman*, 805 N.W.2d at 797, we reach the merits here and hold POD assets are not included in the surviving spouse's elective share under section 633.238(1)(*c*).

POD accounts, such as the checking and certificate of deposit accounts here, and annuities are nonprobate assets. 1 Sheldon F. Kurtz, *Kurtz on Iowa Estates: Intestacy, Wills, and Estate Administration* § 11.1, at 451 (3d ed. 1995) [hereinafter *Kurtz on Iowa Estates*]. Nonprobate assets are interests in property that pass outside of the decedent's probate estate to a designated beneficiary upon the decedent's death. *Id.* Although these assets are the personal property of the grantor *before* death, they become the personal property of the designated beneficiaries upon the grantor's death pursuant to a contract between the grantor and the administrator of the account. *See Karsenty v. Schoukroun*, 959 A.2d 1147, 1158 (Md. 2008) (holding that a TOD account was not part of the decedent's testate estate because the decedent's interest in the property did not survive his death, which is when the TOD account "transferred to [the beneficiary] . . . 'by reason of the contract' between him and [the administrator of the account]"); Restatement (Third) of Property: Wills and Other Donative Transfers § 1.1 cmt. *b*, illus. 12, at 10 (1999) ("Because [the grantor's] ownership interest in the account and in the

securities expired on her death, no part of the balance in the account at her death or of the securities is included in [the grantor's] probate estate."); *see also* Iowa Code § 633D.11(1) (2009) ("A transfer on death resulting from a registration in beneficiary form shall be effective by reason of the contract regarding the registration between the owner and the registering entity under the provisions of this chapter, and is not testamentary.").

Section 633.238(1)(*c*) includes "[o]ne-third of all personal property of the decedent that is not necessary for the payment of debts and charges" in the surviving spouse's elective share. *Id.* § 633.238(1)(*c*) (Supp. 2009). The legislative history accompanying the 2009 amendment confirms that this section is limited to personal property in the decedent's probate estate.[7] Specifically, the explanation section accompanying that amendment states the surviving spouse's elective share is limited to those categories of property explicitly mentioned in section 633.238(1) and that it "does not include nonprobate . . . assets." H.F. 677, 83rd G.A., 1st Sess., explanation (Iowa 2009).[8]

---

[7]This interpretation is supported by persuasive authorities from other jurisdictions. *See, e.g., Karsenty*, 959 A.2d at 1158 (holding that the surviving spouse's elective share did not include a TOD account because decedent's interest in the account did not survive his death and thus was not part of the decedent's testate estate); *Dalia v. Lawrence*, 627 A.2d 392, 402 (Conn. 1993) ("[P]roperty . . . owned by the decedent at the time of his or her death . . . refers to property owned by the decedent in such form that it would, if willed, pass under such will." (Citations omitted.)); *see also* 1 *Kurtz on Iowa Estates* § 8.9, at 307 ("[Section 633.238] does not purport to permit the spouse to reach personal property owned by the decedent during life that forms no part of the decedent's probate estate.").

[8]Although section 633.238 exclusively controls what property is included in the surviving spouse's elective share, we note that the assignees' interpretation is also unsupported by the statutes governing POD accounts and securities. These statutes allow POD accounts and securities to be reached to satisfy certain obligations of the estate, yet they do not mention elective share rights. *See, e.g.*, Iowa Code § 524.805(8) ("A state bank may receive deposits from one or more persons with the provision that upon the death of the depositors the deposit account shall be the property of the person or persons designated by the deceased depositors as shown on the deposit account

The assignees make a strong public policy argument that elective share rights may be defeated by the use of POD assets if we interpret section 633.238 to omit them. *See* 1 *Kurtz on Iowa Estates* § 8.9, at 307 ("[T]he policies underlying elective share legislation could easily be defeated if the property owning spouse could transfer a substantial portion of her personal property during life, reduce the size of her personal estate and minimize or eliminate the value of property available to a spouse who elects against the will."). The assignees' policy argument is properly directed to the legislature. The Iowa legislature chose to include revocable trusts in the elective share under section 633.238(1)(*d*). *See* 2005 Iowa Acts ch. 38, § 14 (adding revocable trusts to the property included in the elective share). We conclude further legislation would be required to include POD assets in the elective share.

Based on the plain meaning of the operative statutory language as amended in 2009, we hold that only the assets specifically enumerated in section 633.238 may be included in the surviving spouse's elective share. POD accounts and annuities are not included under section 633.238. We overrule *Sieh* to the extent it is inconsistent with this opinion. Because Karen's POD assets should not be included in Howard's elective share, we reverse the ruling of the probate court and remand the case for recalculation of payments owed to the assignees.

---

records of the state bank. After payment by the state bank, the proceeds shall remain subject to the debts of the decedent and the payment of Iowa inheritance tax, if any."); *id.* § 633D.8(1) ("If other assets of the estate of a deceased owner are insufficient to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse and children, a transfer at death of a security registered in beneficiary form is not effective against the estate of the deceased sole owner . . . to the extent needed to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse and children.").

**IV. Conclusion.**

For these reasons, the probate court erred by including Karen's POD assets in Howard's elective share. The probate court order is reversed and the case remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**