# IN THE SUPREME COURT OF IOWA

No. 16–1028

Filed April 21, 2017

**IN THE MATTER OF THE ESTATE OF
JOSEPH C. GANTNER III,** Deceased

**RACHEL GANTNER,**
        Appellant.

---

Appeal from the Iowa District Court for Linn County, Sean McPartland, Judge.

A surviving spouse appeals the denial of an application for temporary spousal support. **AFFIRMED.**

Benjamin M. Lange of Swisher & Cohrt, P.L.C., Independence, for appellant.

Abbe M. Stensland and Crystal R. Pound of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellees.

**MANSFIELD, Justice.**

This case requires us to determine whether a decedent's individual retirement accounts (IRAs) may be used to pay an allowance to a surviving spouse who was not a beneficiary of those IRAs. The spouse argues that under Iowa Code section 633D.8, she may reach the IRAs because they were "a transfer at death of a security registered in beneficiary form." We conclude otherwise. In our view, an IRA is a multifaceted crystallization of federal tax law. It is not a security or securities account registered in beneficiary form whose ownership automatically transfers to a beneficiary on death. Accordingly, we affirm the judgment of the probate court.

## I. Background Facts and Proceedings.

Joseph Gantner died on December 10, 2015, survived by his wife, Rachel Gantner, and two daughters, Meredith and Paige Gantner, aged twenty-three and twenty years old. Joseph had previously executed a will that provided for the distribution of his personal property and established a trust for the benefit of his daughters. The will also left ninety percent of Joseph's residual estate to his daughters. Joseph's will was admitted to probate on February 2, 2016, and a bank was appointed executor that same day.

On February 16, Rachel Gantner filed for an elective share of Joseph's estate and also requested a spousal support allowance. *See* Iowa Code §§ 633.236, .374 (2016). In her application for spousal support, Rachel sought a $4000 per month allowance based on her station in life and living arrangements during the marriage.

Meredith and Paige jointly resisted Rachel's application for spousal support. Of particular relevance to this appeal, the daughters maintained that several retirement accounts did not constitute part of

the probate estate and were therefore beyond the reach of Rachel's spousal allowance. The daughters also submitted an unsigned and undated prenuptial agreement between Joseph and Rachel that purported to waive spousal support rights.

A preliminary inventory of Joseph's estate was filed by the executor. The report indicated that Joseph individually owned real estate in Cedar Rapids and jointly owned real estate in Hiawatha with Rachel. The report also showed Joseph as holding three separate retirement accounts—two IRAs and one account identified on the report as an "SEP with Hartford Funds," presumably a simplified employee pension IRA (SEP IRA).[1] The executor valued the accounts at a combined $214,100 and confirmed that Meredith and Paige were their cobeneficiaries.

The probate court held an unreported hearing on Rachel's application for spousal support allowance on April 1. At the hearing, it became clear that without the retirement accounts, Joseph's estate had insufficient assets from which to pay a spousal allowance to Rachel. Following the hearing, Meredith and Paige filed several summary documents concerning the three retirement accounts.

While Rachel acknowledged the Gantner daughters were designated as cobeneficiaries on all three retirement accounts, she maintained the accounts should be deemed part of Joseph's estate for spousal support purposes. Rachel pointed to Iowa Code section 633D.8(1), which provides that "a transfer at death of a security registered in beneficiary form is not effective against the estate of the

---

[1]An SEP is a form of an IRA where the employer makes contributions. *See* 26 U.S.C. § 408(k) (2012).

deceased sole owner . . . to the extent needed to pay . . . statutory allowances to the surviving spouse." Iowa Code § 633D.8(1). Because the investment holdings within the retirement accounts were likely mutual funds or index funds, Rachel argued those accounts should be considered "securities" within the meaning of the statute.

The Gantner daughters disputed that either an IRA or a SEP IRA qualifies as a "security" under section 633D.8(1). The daughters reasoned that the retirement accounts were not securities simply because they contained securities. Meredith and Paige also argued that the definition of "security" within the Uniform Iowa Securities Act specifically excludes any interest in a pension or welfare plan subject to the Employee Retirement Income Security Act of 1974 (ERISA). *See id.* § 502.102(28)(*c*)(1). On these grounds, the Gantner daughters maintained that the accounts were unavailable to pay any spousal support for Rachel.

In a written order, the probate court denied Rachel's application for spousal allowance. Rather than focusing on the meaning of the term "security" as used in section 633D.8(1), the court concluded that the retirement accounts were not available for spousal support purposes because they were nonprobate assets. Relying on our decision in *In re Estate of Myers*, 825 N.W.2d 1 (Iowa 2012), the court determined that the proceeds from each retirement account became the personal property of the Gantner daughters at the time of Joseph's death because they had passed outside the estate. The court further concluded that "legislation would be required in order to make the beneficiary accounts available to satisfy a spousal allowance."

Rachel appealed, and we retained the appeal.

## II.  Standard of Review.

A claim for spousal support under Iowa Code section 633.374 is tried in equity, and we review a court's ruling on an application for spousal support for abuse of discretion.  *See* Iowa Code § 633.33; *In re Estate of Sieh*, 745 N.W.2d 477, 479 (Iowa 2008).  However, "when there are no disputed facts and the appeal turns on whether the probate court's interpretation of a statute was erroneous, . . . our review is for corrections of errors of law." *Myers*, 825 N.W.2d at 3–4.

## III.  Analysis.

A surviving spouse has a statutory right to submit an application "for support for a period of twelve months following the death of the decedent."  Iowa Code § 633.374(1).  Section 633.374 provides in relevant part,

> The court shall, upon application, set off and order paid to the surviving spouse, as part of the costs of administration, sufficient of the decedent's property including assets held in a revocable trust of which the decedent is the settlor to the extent that estate assets are not sufficient as it deems reasonable for the proper support of the surviving spouse for the period of twelve months following the death of the decedent. . . . The court shall take into consideration the station in life of the surviving spouse, the assets and condition of the estate and any revocable trust of which the decedent is the settlor, the nonprobate assets received by the surviving spouse by reason of the death of the decedent, and the income and other resources of the surviving spouse.

*Id.* § 633.374(2).

We have long held that a surviving spouse is entitled to an allowance from estate property under this statute as a matter of right.  *In re Estate of Tollefsrud*, 275 N.W.2d 412, 415 (Iowa 1979); *see Veeder v. Veeder*, 195 Iowa 587, 597, 192 N.W. 409, 413 (1923); 1 Sheldon F. Kurtz, *Kurtz on Iowa Estates: Intestacy, Wills, and Estate Administration* § 8.24, at 341 (3d ed. 1995) ("The surviving spouse's right to an

allowance is nearly absolute."). In this case, we consider the property from which the allowance may be drawn—in particular, whether a court may order a spousal allowance to be taken from IRAs of the decedent that designated someone other than the spouse as beneficiary.

Because the probate court relied on our decision in *In re Estate of Myers*, we will begin our discussion with that case. The issue in *Myers* was "whether a surviving spouse's elective share, as defined in Iowa Code section 633.238 . . . , includes pay-on-death (POD) assets." 825 N.W.2d at 2. In that case, the decedent, Karen Myers, left virtually no individually owned assets to her husband in her will aside from some household furnishings. *Id.* The husband filed for an elective share under section 633.238 and later assigned that right to several other entities. *Id.* at 2–3. The assignees requested that the probate court determine whether certain POD assets were available for the husband's elective share. *Id.* at 3. The probate court determined that because those assets were within the decedent's control before her death, they should be available. *Id.*

We reversed on appeal, holding that "only the assets specifically enumerated in section 633.238 may be included in the surviving spouse's elective share." *Id.* at 8. Because POD accounts and annuities were not mentioned in the statute, they could not be included in a spouse's elective share. *Id.*[2] Thus, to the extent the assignees in *Myers* had a different view, we said their argument was "properly directed to the legislature." *Id.*

---

[2]In a footnote, we observed that "[a]lthough the accounts in this case were POD accounts, the same analysis would apply to transfer-on-death (TOD) accounts." *Myers*, 825 N.W.2d at 2 n.1.

Similar to the POD assets in *Myers*, the IRA and SEP IRA accounts at issue here pass outside of the probate estate. Iowa Code section 633.357 directly resolves this issue:

> The assets of a custodial independent retirement account shall pass on or after the death of the designator of the custodial independent retirement account to the beneficiary or beneficiaries specified in the custodial independent retirement account agreement signed by the designator or designated by the designator in writing pursuant to the custodial independent retirement account agreement. *Assets that pass to a beneficiary pursuant to this section shall not be considered part of the designator's probate estate* except to the extent that the designator's estate is a beneficiary.

Iowa Code § 633.357(2) (emphasis added). Section 633.357(1)(*a*) defines "custodial independent retirement account" as including "an individual retirement account in accordance with section 408(a) of the Internal Revenue Code." *Id.* § 633.357(1)(*a*). Traditional IRAs fall directly under 26 U.S.C. § 408(a), and SEP IRAs are simply a specialized form of IRA and thus are likewise covered by § 408(a). *See* 26 U.S.C. § 408(a), (k)(1) (2012).

Rachel, however, maintains that the provisions of Iowa Code chapter 633D, the Iowa Uniform Transfer on Death (TOD) Security Registration Act, apply in this case to expand the scope of assets available for a surviving spouse's statutory allowance. *See* Iowa Code ch. 633D. Specifically, section 633D.8(1) provides,

> If other assets of the estate of a deceased owner are insufficient to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse and children, a transfer at death of a security registered in beneficiary form is not effective against the estate of the deceased sole owner . . . to the extent needed to pay debts, taxes, and expenses of administration, including statutory allowances to the surviving spouse and children.

*Id.* § 633D.8(1). Rachel contends that this statute allows TOD securities to be used to pay a surviving spouse's statutory allowance despite the fact they are nonprobate assets. The only issue open to debate, she insists, is "whether or not these individual retirement accounts are 'securities' within the meaning of Iowa Code § 633D.8(1)."

We agree with Rachel that Iowa Code section 633D.8 specifically authorizes TOD securities to be used for "statutory allowances to the surviving spouse." *Id.* Unlike section 633.238—the statute involved in *Myers*—section 633D.8 unambiguously allows a claim for spousal allowance to proceed in defined circumstances, namely, as against any "transfer at death of a security registered in beneficiary form." *Id.*; *see also Myers*, 825 N.W.2d at 7 n.8 ("[Section 633D.8(1)] allow[s] POD accounts and securities to be reached to satisfy certain obligations of the estate, yet [it] do[es] not mention elective share rights."). Thus, *Myers* is not controlling here and we instead need to ascertain the meaning of chapter 633D.

Like many other uniform state laws, Iowa Code chapter 633D is essentially self-contained.[3] Section 633D.5 provides that "[a] security, whether evidenced by a certificate or account, is registered in beneficiary form when the registration includes a designation of a beneficiary to take the ownership at the death of the owner." Iowa Code § 633D.5. "Registration in beneficiary form" may be demonstrated by the terms "transfer on death" or "pay on death," or the abbreviations "TOD" or

---

[3]An explanation of the 1997 legislation enacting chapter 633D provides that the bill "adopts the uniform [TOD] security registration Act as approved and recommended by the national conference of commissioners on uniform state laws." S.F. 241, 77th G.A., 1st Sess., explanation (Iowa 1997); *see* 1997 Iowa Acts ch. 178, §§ 17–29 (now codified as amended at Iowa Code § 633D.1–.12). We have not interpreted the provisions of Iowa's Uniform TOD Security Registration Act since its adoption.

"POD." *Id.* § 633D.6. Valid registration "has no effect on ownership until the owner's death," *id.* § 633D.7, but upon the death of the owner, "ownership of the securities registered in beneficiary form passes to the beneficiary or beneficiaries who survive all owners," *id.* § 633D.9. Hence, "[a] transfer on death resulting from a registration in beneficiary form shall be effective by reason of the contract regarding the registration . . . and is not testamentary." *Id.* § 633D.11(1).

The obvious intent of chapter 633D is to allow the transfer of certain statutorily defined securities from owner to beneficiary outside of the probate process. *See* S.F. 241, 77th G.A., 1st Sess., explanation (Iowa 1997) ("The bill provides that a person . . . may transfer the securities directly to the designated transferee on the owner's death, passing outside the probate process.").

We must now determine whether Joseph's IRAs and SEP IRA are covered by chapter 633D as TOD securities. For purposes of chapter 633D, the term "security" means "a security as defined in section 502.102," and "includes, but is not limited to, a certificated security, an uncertificated security, and a security account." Iowa Code § 633D.2(6). The term "security account" encompasses six distinct items, as we shall discuss below. *See id.* § 633D.2(7).

Section 502.102, meanwhile, provides the following comprehensive definition of "security":

> "*Security*" means a note; stock; treasury stock; security future; bond; debenture; evidence of indebtedness; certificate of interest or participation in a profit-sharing agreement; collateral trust certificate; preorganization certificate or subscription; transferable share; investment contract; voting trust certificate; certificate of deposit for a security; fractional undivided interest in oil, gas, or other mineral rights; put, call, straddle, option, or privilege on a security, certificate of deposit, or group or index of securities, including an interest therein or based on the value thereof; put, call, straddle,

option, or privilege entered into on a national securities exchange relating to foreign currency; or, in general, an interest or instrument commonly known as a "security"; or a certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

*Id.* § 502.102(28); *see also id.* § 502.102(28)(*a*), (*d*)–(*f*). However, security does *not* include "[a]n interest in a contributory or noncontributory pension or welfare plan subject to [ERISA]." *Id.* § 502.102(28)(*c*)(1);[4] *see also id.* § 502.102(28)(*b*), (*c*)(2).

"When we are asked to interpret a statute, we apply well-settled principles of statutory interpretation." *DuTrac Comm. Credit Union v. Hefel*, ___ N.W.2d ___, ___ (Iowa 2017). When the legislature defines terms in a statute, "we are normally bound by the legislature's own definitions." *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 425 (Iowa 2010) (quoting *State v. Fischer*, 785 N.W.2d 697, 702 (Iowa 2010)); *cf. Auen v. Alcoholic Beverage Div.*, 679 N.W.2d 586, 590 (Iowa 2004) (recognizing that we may not "extend, enlarge or otherwise change the meaning of a statute" "[u]nder the guise of construction"). "[W]e read statutes as a whole rather than looking at words and phrases in isolation." *Iowa Ins. Inst. v. Core Grp. of Iowa Ass'n for Justice*, 867 N.W.2d 58, 72 (Iowa 2015). Further "[w]e read related statutes together

---

[4]Notably, on appeal, neither party focuses on the language in section 502.102 excluding any interest in a "pension or welfare plan subject to [ERISA]." Iowa Code § 502.102(28)(*c*)(1). In general, courts have held that traditional IRAs formed in accordance with § 408(a) of the Internal Revenue Code are not subject to ERISA. *See Charles Schwab & Co. v. Debickero*, 593 F.3d 916, 919 (9th Cir. 2010). On the other hand, SEP IRAs, which by definition have been set up by an employer, are subject to certain requirements under ERISA. *See Garratt v. Walker*, 164 F.3d 1249, 1251 (10th Cir. 1998); *see also VFS Fin., Inc. v. Elias-Savion-Fox LLC,* 73 F. Supp. 3d 329, 340 fn.5 (S.D.N.Y. 2014) (citing several cases and recognizing that an SEP "is within ERISA's scope"). As discussed herein, we ultimately conclude none of the IRAs meet the chapter 633D definition of "security" for other reasons. Thus, we do not need to address whether the carve-out for interests in plans subject to ERISA also would apply here.

and attempt to harmonize them." *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 805 (Iowa 2016) (quoting *In re A.M.*, 856 N.W.2d 365, 372 (Iowa 2014)).

An IRA (whether traditional or SEP) is not *in itself* a stock, bond, interest or other form of "security" as defined in section 502.102. Often, an IRA *contains* these securities. So, we focus on the latter part of the definition in Iowa Code section 633D.2(6), which says that a security also includes "a security account." Is an IRA or an SEP a security account?

The statutory definition is quite specific. A security account "means" (rather than "includes") six separate items. When a statute declares what a term "means," this usually excludes any items not listed in the definition. *See* 2A Norman J. Singer & Shambie Singer, *Statutes and Statutory Construction* § 47:7, at 310–12 (7th rev. ed. 2014); *cf. Estate of Bockwoldt*, 814 N.W.2d 215, 224 (Iowa 2012) ("A statute that 'declares what it "includes" is more susceptible to extension of meaning by construction than where the definition declares what a term "means." ' " (quoting 2A Normal J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 47:7, at 305 (7th ed. 2007)); *Am. Eyecare v. Dep't of Human Servs.*, 770 N.W.2d 832, 837 (Iowa 2009).

The items listed in the definition are (1) a reinvestment account for a security, i.e., where a security is purchased and then automatic reinvestments of the earnings in additional purchases of that security occur; (2) a securities account with a broker; (3) a cash balance in a brokerage account; (4) earnings on one of the foregoing; (5) a cash balance in an account held as a replacement for, or product of, an account security; or (6) an investment management or custody account with a bank or trust company including the securities, cash, and earning therein. Iowa Code § 633D.2(7).

Reading chapter 633D as a whole, we do not think an IRA qualifies as a security account. An IRA is not just an account owned by an individual. It is a form of trust. *See* 26 U.S.C. § 408(a) (defining an IRA as "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries"). It is true that an IRA is often set up through a custodial account. *See* 26 C.F.R. § 1.408–2(a) (2007) ("An individual retirement account must be a trust or a custodial account . . . ."). And we recognize that in *Bielat v. Bielat*, 721 N.E.2d 28, 39–40 (Ohio 2000), the court assumed that Ohio's version of the uniform TOD security registration act applied to a designation of a beneficiary on an IRA account containing securities. *See also In re Estate of Gloege*, 649 N.W.2d 468, 473 (Minn. Ct. App. 2002) (assuming the TOD statute applied and concluding that words such as "transfer on death" did not need to appear on each periodic statement for an SEP IRA to be adequately registered).

However, to us it is critical that upon the death of the individual, the account does not become de facto the property of the beneficiary or beneficiaries. "If you inherit a traditional IRA from anyone other than your deceased spouse, you cannot treat the inherited IRA as your own." IRS, Publication 590-B: Distributions from Individual Retirement Arrangements (IRAs) 5 (2016). The beneficiary cannot roll over the IRA into his or her own IRA. *See* 26 U.S.C. § 408(d)(3)(C). "[T]he only option is to hold the IRA as an inherited account." *Clark v. Rameker*, 573 U.S. ___, ___, 134 S. Ct. 2242, 2245 (2014). "[A] beneficiary must maintain the [inherited] account in the decedent's name and take a distribution of all benefits within either five years or, if an election is made, over the beneficiary's remaining life expectancy in accordance with IRS tables." Jeffrey Cymrot & Donald R. Lassman, *Inherited IRAs: Exemption Issues*

*Under the Code*, Am. Bankr. Inst. J. 1–2 (May 2011). In short, the nonspouse beneficiary has a right (indeed an obligation) to take distributions from the IRA, but does not take title to the IRA.

Thus, an IRA does not and cannot literally "transfer on death" to anyone other than a spouse. *See* Iowa Code § 633D.6 (describing how registration in beneficiary form may be shown). The beneficiary does not and cannot take "the ownership [of the account] at the death of the owner." *Id.* § 633D.5. Although section 633D.9 literally provides that on the death of owner, the account ownership "passes to" the beneficiary or beneficiaries, *id.* § 633D.9, this is not possible under federal law with respect to a nonspouse's interest in an IRA. Hence, there is no way under federal law for an IRA to conform to chapter 633D's specifications for a TOD account.

The presence of Iowa Code section 633.357 further strengthens our conviction that chapter 633D does not pertain to IRAs. Two years after chapter 633D was enacted in 1997, the legislature adopted section 633.357 covering custodial independent retirement accounts, a provision we discussed earlier. *See* 1999 Iowa Acts ch. 56, § 4. Section 633.357 provides that

> [t]he assets of a custodial independent retirement account shall pass on or after the death of the designator of the . . . account to the beneficiary or beneficiaries specified in the . . . account agreement . . . pursuant to the . . . account agreement.

Iowa Code § 633.357(2). It further provides that the assets that pass pursuant to this section "shall not be considered part of the designator's probate estate." *Id.*

Thus, in 1999, the general assembly decided to enact a specific, separate statute governing custodial IRA accounts. As the bill explanation stated,

> The bill creates a new Code section 633.357 to provide that the beneficiary designation by the owner of a custodial independent retirement account controls the distribution of the benefits and the account is not a part of the testamentary disposition of a deceased owner subject to the terms of the will of the owner unless the designated beneficiary of the account is the estate of the owner.

H.F. 662, 78th G.A., 1st Sess., explanation (Iowa 1999).

Unlike chapter 633D, this statute correctly characterizes the process by which the benefits of IRAs flow to the beneficiaries—i.e., not through a direct transfer of ownership of the account but through passage of "[t]he assets" thereof in accordance with the "independent retirement account agreement." Iowa Code § 633.357(2). Moreover, unlike chapter 633D, this statute does not subject custodial IRA accounts to the temporary spousal allowance.

Yet if chapter 633D already covered custodial IRAs in the manner desired by the legislature, it would have been largely if not entirely unnecessary for the legislature to enact section 633.357 as part of its 1999 package. *See* Iowa Code § 4.4(2) (setting forth the presumption that "[t]he entire statute is intended to be effective"); *Exceptional Persons, Inc. v. Iowa Dept. of Human Servs.*, 878 N.W.2d 247, 251 (Iowa 2016) (noting that we assume "no part of an act is intended to be superfluous" (quoting *TLC Home Health Care, L.L.C. v. Iowa Dep't of Human Servs.*, 638 N.W.2d 708, 713 (Iowa 2002))).[5]

---

[5]The Iowa Code section 502.102(28) definition of a security—which chapter 633D incorporates—is broad and includes notes, stocks, bonds, and certificates of deposit. *See* Iowa Code § 502.102(28). It is possible section 633.357 reaches some additional assets that can be held in an IRA custodial account but do not qualify as

**IV. Conclusion.**

For the foregoing reasons, we conclude that chapter 633D does not apply to an IRA where one or more nonspouses are designated the beneficiaries. Therefore, we affirm the probate court's judgment that Joseph's IRAs were not available to pay a spousal allowance to Rachel.

**AFFIRMED.**

---

securities, such as noncollectible gold, silver, and platinum. *See* 26 U.S.C. § 408(m)(3). Still, it is difficult to conceive of a reason why the legislature would have enacted 633.357 as written if chapter 633D already dealt with IRA custodial accounts containing securities.