# IN THE COURT OF APPEALS OF IOWA

No. 18-0590
Filed January 9, 2019

IN THE MATTER OF THE ESTATE OF JILL A. JORDAN, Deceased.

**ESTATE OF JILL A. JORDAN,**
    Petitioner-Appellant,

**vs.**

**IOWA MEDICAID ENTERPRISE ESTATE RECOVERY PROGRAM,**
    Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, DeDra L.

Schroeder, Judge.


        An estate appeals from the district court's order granting summary judgment

in favor of the Iowa Department of Human Services on the estate's petition for

declaratory judgment regarding the payment of an annuity.  **AFFIRMED.**



        David H. Skilton of Cronin, Skilton & Skilton, P.L.L.C., Charles City, for

appellant.

        Thomas J. Miller, Attorney General, and Matthew K. Gillespie, Assistant

Attorney General, for appellee.


        Heard by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

We must decide whether an annuity purchased by a woman and listing a state agency as beneficiary should have been included in the deceased woman's estate.

The facts are essentially undisputed. Jill Jordan received $378,057.13 of medical assistance from the Iowa Department of Human Services. As a condition of eligibility for the public assistance, Jordan named the department primary beneficiary of a fifteen-year annuity she purchased for $75,000. Jordan passed away during the fifteen-year period. The insurer that issued the annuity transferred the remaining balance of $60,283.80 to the department.

Meanwhile, Jordan's will was admitted to probate for small estate administration. Under the will, Jordan's debts allowable against her estate included the expenses of her "last illness and burial." A funeral home filed a probate claim for $7566.22. The estate lacked sufficient funds to pay the claim.

The administrator of the estate filed a petition for declaratory judgment seeking to include the "disputed annuity" in the estate.[1] The department moved for summary judgment on the ground that it "was the 100% primary beneficiary" and, accordingly, the estate had "no interest in the annuity funds." The district court granted the department's motion after finding as follows:

> At the time of death, the decedent owned an annuity, which paid out income monthly to the decedent and still left the decedent eligible to receive medical assistance. [The department] was the sole beneficiary of the annuity, and, as such, the estate of Jill Jordan has no interest in the annuity funds. The annuity can only be brought

[1] The petition named the department and the insurance company that issued the annuity. The district court granted the insurer's motion to dismiss, and the estate stipulated to dismissal of its appeal against the insurer.

into the estate if [the department] had a claim against the estate through its estate recovery program and [the department] was not the primary beneficiary of the annuity. Both of these factors are not met, and, accordingly, the annuity is not an asset of the estate.

The court denied the estate's request for reconsideration.

On appeal, the executor of the estate contends "the annuity contract is void" because it "violates a clear public policy on priority payment of claims." The executor cites Iowa Code section 633.425 (2017), which ranks "[r]easonable funeral and burial expenses" above "[a]ny debt for medical assistance." In the executor's view, the department "prioritized itself above all other claimants under [section] 633.425 and [was] complicit in the agreement to enforce same by not allowing [the annuity] to be used to pay priority claims." *See* Iowa Code § 633.426 ("Payment of debts and charges of the estate shall be made in the order provided in section 633.425, without preference of any claim over another of the same class. If the assets of the estate are insufficient to pay in full all of the claims of a class, then such claims shall be paid on a pro rata basis, without preference between claims then due and those of the same class not due."). Our review is for errors of law. *See In re Estate of Renwanz*, 561 N.W.2d 43, 44 (Iowa 1997).

In *In re Estate of Myers*, 825 N.W.2d 1, 2 (Iowa 2012), the Iowa Supreme Court was asked to decide "whether a surviving spouse's elective share . . . include[d] pay-on-death [(POD)] assets." The court held, "POD assets are not included in the surviving spouse's elective share" under the applicable statute. *Myers*, 825 N.W.2d at 6. The court reasoned they were "nonprobate assets" and "[n]onprobate assets are interests in property that pass outside of the decedent's probate estate to a designated beneficiary upon the decedent's death." *Id.* The

court continued, "Although these assets are the personal property of the grantor before death, they become the personal property of the designated beneficiaries upon the grantor's death pursuant to a contract between the grantor and the administrator of the account." *Id.* at 6–7.

The same is true here. On Jordan's death, the remaining annuity balance became the personal property of the department as the "100% primary beneficiary." The balance was never a probate asset subject to Iowa Code section 633.425. *See In re Estate of Ganter*, 893 N.W.2d 896, 900 (Iowa 2017) (concluding IRA accounts passed outside the probate estate); *cf. Cox. v. Iowa Dep't of Human Servs.*, ___ N.W.2d ___, ___, 2018 WL 6259391, at *4, *10 (Iowa 2018) (addressing transfer of assets to pooled special needs trusts and whether department correctly imposed penalties for long-term institutional care following transfer); *City of Ames v. Ratliff*, 471 N.W.2d 803, 806 (Iowa 1991) (concluding City's claim for reimbursement of health benefits provided under a self-insured health benefit plan was "not a debt or charge" under the probate code but arose from the decedent's pre-death assignment of a share of a wrongful death recovery); *In re Estate of Nielsen*, 445 N.W.2d 780, 782 (Iowa 1989) (stating section 633.425 controlled classification of non-exempt property rather than exempt personal property). The district court did not err in granting the department's motion for summary judgment.

**AFFIRMED.**