**IN THE COURT OF APPEALS OF IOWA**

No. 24-0756
Filed December 18, 2024

**IN THE MATTER OF THE TRUST OF KYLE MARK HANE,**

**KYLE MARK HANE,**
       Appellant.
_____

       Appeal from the Iowa District Court for Linn County, Chad A. Kepros, Judge.


       The petitioner appeals from the dismissal of his request for relief in a trust

enforcement matter. **AFFIRMED AS MODIFIED AND REMANDED.**


       Kyle Mark Hane, Hiawatha, self-represented appellant.


       Considered by Greer, P.J., and Ahlers and Badding, JJ.

**GREER, Presiding Judge.**

As the settlor and beneficiary of a "private expressed trust," Kyle Hane, a self-represented litigant, petitioned for relief from the district court to address a vacancy in the office of the trustee. Hane alleged that individuals had declined the role of trustee in writing. The request for relief directed the district court to act in three ways:

> (a) This court appoint a person or persons as trustee and/or co-trustees pursuant to [Iowa Code section] 633A.4105 §1, §2(b)(2), and 633A.6104 §2 [(2024)];
> (b) This court review the additional trust deed enclosed for potential combination pursuant to [section] 633A.2207(2),(3);
> (c) Seal all documents in this cause and schedule an in-chambers evidentiary hearing to review all trust instruments, as per the trust instrument terms, and pursuant to [section] 633A.1105.

No trust instrument was attached to the petition, although Hane indicated that he was "pleased to present to the court valuable and private trust papers for review, however trust terms dictate all trust documents are for private in-camera review only and never for public disclosure." Along with the petition, Hane requested the court seal certain trust documents because the:

> [S]ettlor and beneficiary have allowed Limited Authorization and approval for private disclosure of trust instruments for this cause which states:
> "*All trust instruments, trust res, or other trust information, both verbal and written, shall remain completely confidential, private, and privileged and never in any way shape or form publicly revealed, disclosed to the public, or divulged to any person not a party to this trust.*" and;
> The trust instrument specifies that any enforcement by beneficiary of any provision of this trust shall "*be sealed and conducted in-chambers to protect the confidentiality of the trust, its beneficiaries, and its assets.*"

Hane then objected to the court docket showing the filings that mentioned the trust in the EDMS[1] court filing system. In response to Hane's filings, the court noted:

> [Hane] has submitted a series of Proposed In-Camera Exhibits, including documentation that purports to appoint members of the Iowa Supreme Court and others as trustees for the secret private trust. The Court finds that the provisions of Iowa Code Chapter 633A do not provide the relief sought within the Petition. The Court further finds that no member of the Court or court administration have agreed to be appointed as trustee, and that it is not appropriate to appoint trustees who are unwilling to serve. It is not appropriate or even permissible for the Court or members of court staff to serve as trustee. *Moreover, there is no process available for the Court to approve a secret private trust, nor will the Court undertake in camera review of documents under these circumstances.*

(Emphasis added.) The district court ruled the "petition was denied" and dismissed the action with prejudice.

Next, under a restricted-access designation, Hane moved to reconsider the ruling, but wanted none of the documents or the motion to be public. The district court refused to accept the motion as filed, stating:

> A motion pursuant to [Iowa Rule of Civil Procedure] 1.904(2) has been submitted to the Court. However, the motion has not been filed in the public court file and has instead been submitted to the undersigned through EDMS as a proposed document for restricted access. As has been found by the Court previously, there is no basis for the Court to receive the filing as a sealed document not available to public view. The Court could elect to approve the document for filing as a sealed document, and then enter an order directing the clerk to release the restriction and instead hold the filing for public view. However, it is clear to the Court that the Petitioner wishes such filings to remain private and confidential, so the Court will not receive it on that basis and then change the status. The Court has therefore not approved the filing and has removed it. If the Petitioner wishes the Court to rule on a Rule 1.904(2) motion, he must refile the document in the public court file. Any such motion must be filed within fifteen days of the order to which the Rule 1.904(2) motion is directed.

---

[1] EDMS stands for Electronic Document Management System.

Shortly after that order, the district court denied the rule 1.904(2) motion; the next day, Hane appealed.

Once Hane appealed, he asked our supreme court to allow him to complete the record for review. When addressing the request, the supreme court stated:

> Turning to his motion, appellant does not identify the specific documents he believes should be included in the record. The court notes the record on appeal consists, among other things, of "[o]riginal documents and exhibits filed in the district court case from which the appeal is taken," Iowa R. App. P. 6.801(a). *See also* Iowa R. Elec. P. 16.201(3) (defining "court record"). A review of the district court's docket does not reveal any proposed exhibits. The docket does, however, show that on April 26, 2024, the court dismissed appellant's petition for the enforcement of a "secret express trust," and stated there was "no process available for the Court to approve a secret private trust, nor will the Court undertake in camera review of documents under these circumstances." [O]n May 1, 2024, the court entered an order indicating appellant "submitted" a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) that was "not . . . filed in the public court file and [was] instead . . . submitted to the undersigned through EDMS as a proposed document for restricted access. . . . ;" the court indicated it would not act on "a sealed document not available to public view," but allowed appellant to file a Rule 1.904(2) motion "in the public court file." [A]nd on May 2, 2024, the court again denied a Rule 1.904(2) motion, citing among other reasons the impropriety of "private" submission of motions. The court finds that whatever documents appellant may have submitted to the district court, they are not being maintained by the clerk of the court. Iowa R. Elec. P. 16.201(3)[.]
> Upon consideration, appellant's motion is denied.

(First and third alterations in original) (citations to docket omitted.)

To confront the supreme court order, Hane tried again to get the court to include the documents in a sealed designation and to show specifically the status of the submissions maintained within the EDMS system. He provided: "A screen capture of these filing submissions serves as evidence that proposed in camera exhibits were indeed submitted through EDMS, provided system filing IDs, [and] are being maintained by the trial court." This screen shot was part of his motion:



Hane then requested

> [the supreme] court's guidance on how to include "PROPOSED IN CAMERA EXHIBIT(S)" from the trial court into this appeal for de novo review.  Appellant believes and must insist that these exhibits be included for de novo review, or the de novo review itself is flawed, as these same filings were relied on in the lower courts D0004, Order (April 26, 2024) and again in D0006, Order (May 1, 2024) and D0008 order, (May 2, 2024).

The supreme court followed this request by ruling:

> This matter comes before the court upon appellant's motion to strike his initial June 26, 2024 brief and attachments; amended motion to include proposed in camera exhibits in the record; "Amnesty Oath," assertedly filed as an exhibit; and "2010 Article on FBI.gov," also filed as an exhibit.  Also before the court on its own motion are appellant's second amended brief and attachments, and a separate certificate of compliance.  All of these documents were filed on June 26, 2024.
>
> The motion for the inclusion of in camera exhibits in the record on appeal should be denied for the same reasons given in the court's May 23, 2024 order.
>
> The record on appeal is restricted to, among other things, "[o]riginal documents and exhibits filed in the district court case from which the appeal is taken," Iowa R. App. P. 6.801(a).  The court finds the exhibits filed on June 26, 2024, are not a part of the record on appeal and should be stricken.

(Alteration in original).

As we attempt to conduct de novo review of the issues presented on appeal, we find several hurdles that impact our ability to complete our de novo review.  *See In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013) (finding actions

involving the internal affairs of a trust are tried in equity); *In re Est. of Myers*, 825 N.W.2d 1, 3 (Iowa 2012) (holding our review of cases tried in equity is de novo). First, we have no documents to review to even know if a trust exists, the terms of the alleged trust, or if there are issues involved that we can help solve. Second, although Hane sought to provide the documents to the district court and then to the appellate courts to enable that review, he has done so only on his terms, which each of these courts have rejected. In a sense, our hands are tied on this issue.

If we were able to conduct a typical review, our first question would be: is there even a trust in place? *See* Iowa Code § 633A.2102 (setting forth the elements required to create a valid trust). To be sure, we are hampered in this appeal because we do not have any trust documents to review and, from the record, cannot be sure what documents were reviewed by the district court. But clearly from the details included in the orders, we can presume the district court performed at least a cursory review of some documents. We know that there were substantive findings made based on what the district court did see. Yet, to avoid stepping over our lane of appellate review, we note that the supreme court twice denied Hane the ability to supplement the record for review after the appeal was filed.

On the face of the petition, Hane requested the district court appoint a trustee, and clearly the legislature provided for a process in the Iowa Trust Code to accomplish that task. *See id.* § 633A.4105(2)(b)(2) (allowing the court to select a trustee to fill a vacancy upon application by an interested person); *see also id.* § 633A.6202(2)(j) (noting proceedings concerning the internal affairs of the trust

include appointing a trustee). So, the process does exist to achieve a replacement trustee as Hane requested—but maybe not as Hane intended.

Before we can move forward to resolution, we are at a crossroads. On the one hand, Hane attempted to make the necessary record by moving to seal the trust documents as "proposed in camera exhibits." *See* Iowa R. Elec. P. 16.405(2)(a) ("A filer seeking to restrict access to materials that are not deemed confidential by statute or rule must file an application to restrict access."). On the other hand, the district court refused to "undertake in camera review of documents under these circumstances" but did briefly give details about some of the information from them. Generally, if an in camera inspection is ordered, after examination and resolution concerning the issues involved, the court "will file the presented material and restrict access to the level of security available to clerks of court and judges only." Iowa R. Elec. P. 16.406. But here, the district court did not order an in camera inspection and, although it conducted a brief look at the documents before issuing its order dismissing the case, no restricted access was allowed. As options involved with a request for in camera review, the comment to rule 16.405(2)(e) suggests the "court may deny the application [to restrict access] and either order that the material be filed with public access or *order that the material not be filed.*" (Emphasis added.) And for whatever reason, the district court did just that—refused to allow Hane to file the material and did not file the material under a restricted access. Hane did not exercise other options to provide a record for our review, and the district court dismissed the action with prejudice.

Given the state of the record before us and with no options to remedy that problem, we affirm the dismissal of the action. However, the district court's

determination was not an adjudication on the merits as there was no hearing or evidence presented.  *See Hammond v. Fla. Asset Fin. Corp.*, 695 N.W.2d 1, 8 (Iowa 2005) ("A dismissal with prejudice is a means of declaring that there has been an adjudication on the merits.").  So we modify the ruling to dismissal without prejudice and remand to the district court with directions to modify its order accordingly.

**AFFIRMED AS MODIFIED AND REMANDED.**